MULLINS, A MINOR, APPELLANT, *v.* RINKS, INC., APPELLEE.

[Cite as Mullins v. Rinks, Inc. (1971), 27 Ohio App. 2d 45.]

(No. 1411—Decided March 29, 1971.)

*Messrs. Sisson & Schaefer,* for appellant.
*Messrs. Baden, Jones & Scheper,* for appellee.

SHANNON, P. J. This is an appeal upon questions of law from an order of the Middletown Municipal Court granting a summary judgment.

The plaintiff, appellant herein, when a minor, sixteen years of age, was a customer in a store operated by defendant, appellee herein. She was in the company of her mother, grandmother, aunt and niece. Plaintiff made several purchases and was about to leave the store with the others in the party when an assistant manager stopped her and asked that she step over to the jewelry counter. There, in the presence of the store manager and a uniformed man, also an employee of defendant, plaintiff was informed that "a lady upstairs" had seen plaintiff "put something in her bag which was not paid for." The assistant manager took the bag from plaintiff, opened it and examined the contents. Then he stated to plaintiff that a certain pair of hose had not been paid for, and this was immediately denied by plaintiff who directed him to the

cashier at the check-out counter through which she had passed. Upon inquiry, it was determined that plaintiff had, indeed, paid for the item which was returned to her. The assistant manager then made the statement: "It is all right!"

Plaintiff alleges that the episode was witnessed by a number of people and seeks damages for shock, embarrassment and reimbursement for cost of required medical care suffered as a result of the "detention and search."

Defendant moved for summary judgment on the ground that "reasonable minds can come to but one conclusion and that conclusion is adverse to the plaintiff," and it is from the order granting such motion that this appeal is taken.

In deciding the question raised by the motion for summary judgment, the court below must have determined, by force of R. C. 2311.041, that there was no genuine issue as to any material fact and that defendant was entitled to judgment as a matter of law.

Defendant contends that there was no unlawful restraint in that plaintiff voluntarily complied with the request to accompany the assistant manager and that no words or conduct on the part of defendant could have induced in plaintiff a reasonable apprehension that she could not leave the premises without interference.

R. C. 2935.041 (entitled Detention of Shoplifters) provides in part:

"A merchant, or his employee or agent, who has probable cause for believing that items offered for sale by a mercantile establishment have been unlawfully taken by a person, may * * * detain such person in a reasonable manner for a reasonable length of time * * * ."

The reasonableness of the detention of a patron is a question for the jury. However, a question which is ordinarily one of fact may become one of law for the court to determine, as where the facts are undisputed, or where reasonable men would not differ in their deductions from the facts. 32 American Jurisprudence 2d 136, False Imprisonment, Section 74.

The case of *Isaiah* v. *The Great Atlantic & Pacific Tea Co.*, 111 Ohio App. 537, involved an action for false imprisonment wherein a jury returned a verdict for the plaintiff. There, plaintiff, a patron, after passing through the cashier's station was told to come into a back room by a uniformed and armed watchman. Plaintiff remonstrated and the officer took him by the elbow, "jerked" him toward the room, where, in the presence of an assistant manager of the store, he was required to remove a coat and submit to a search of his person. When no stolen goods were found, plaintiff was told he could go.

In affirming the judgment in the *Isaiah* case, *supra*, the Court of Appeals for Summit County stated at page 540:

"Under the facts of this case, a jury would be justified in concluding that a prima facie case of false imprisonment was established when the officer-employee, at the direction of the assistant manager, took Isaiah by the elbow and required him to go to the room in the rear of the store. Here we have a situation where Isaiah, either through fear or by force, was compelled to submit to the will of the employees of the company."

The case of *Lester* v. *Albers Super Markets, Inc.*, 94 Ohio App. 313, decided by this court, entailed a successful claim of false imprisonment resting upon these facts. Plaintiff was about to leave defendant's store when she was approached by the manager who told her: "That bag will have to be searched!" a remark which was repeated several times in varying forms as plaintiff objected. Eventually, plaintiff's shopping bag was searched, nothing belonging to defendant was found, and she was told: "Everything is all right now. You may go!" In reversing and entering final judgment for the defendant on the ground that the trial court erred in overruling defendant's motion for an instructed verdict and judgment, the court quoted excerpts from 35 Corpus Juris Secundum 636, 637, False Imprisonment, Section 11, as follows:

" * * * submission to the mere verbal directive of another, unaccompanied by force or by threats of any

character, cannot constitute a false imprisonment . . . and false imprisonment may not be predicated on a person's unfounded belief that he was restrained.''

In false imprisonment, the essence of the tort consists in depriving the plaintiff of his liberty without lawful justification. The gravamen of the offense is the unlawful act of the defendant. The requisites for false imprisonment are (1) the detention of the person and (2) the unlawfulness of the detention. 23 Ohio Jurisprudence 2d 410, False Imprisonment, Section 5.

As the Court of Appeals for Franklin County observed in *Bronaugh* v. *Harding Hospital,* 12 Ohio App. 2d 110, at page 120:

''What facts constitute false imprisonment is for the court, and whether that state of facts does exist is for the jury.''

In the case at bar, it is clear that there were no words or conduct which could have induced in plaintiff, despite her youth, a reasonable belief that she could not have departed the store without interference. No hands were laid upon her nor was her path barred. Neither was there anything done or said reasonably calculated to lead plaintiff to believe she was to be taken into custody.

Therefore, where there is nothing more before the court than that one claiming to have been unlawfully detained agreed voluntarily to act in conformity with the request of the defendant and where there could be no reasonable apprehension of force, the rationale of *Lester* v. *Albers Super Markets, supra,* controls and there is no imprisonment as a matter of law.

The judgment of the Middletown Municipal Court is affirmed.

*Judgment affirmed.*

HESS and YOUNG, JJ., concur.