**GARZA et al., Appellants and Cross–Appellees,**

**v.**

**CLARION HOTEL, INC. et al., Appellees and Cross–Appellants.**

[Cite as *Garza v. Clarion Hotel, Inc.* (1997), 119 Ohio App.3d 478.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–960316 and C–960342.

Decided May 14, 1997.

**480**

*William P. Whalen,* for appellants and cross–appellees.

*Schroeder, Maundrell, Barbiere & Powers* and *Lawrence E. Barbiere,* for appellees and cross–appellants.

MARIANNA BROWN BETTMAN, Judge.

This case arose out of an allegedly unpaid bar tab at the Top of the Crown restaurant at the Clarion Hotel ("the Clarion").[1] The plaintiffs in this case, Roger Garza and Joseph Simon, were exhibitors at a firefighters' convention in Cincinnati. Both men sold hydraulic rescue equipment used to rescue trapped accident victims. Firefighters were major customers of this product.

Garza and Simon were guests at the Clarion. On the evening of April 7, 1990, spilling over to the early morning of April 8, Garza and Simon were having drinks at the Top of the Crown. They were in a group of six or seven men. They had been invited for drinks by Donald Harrison, a business associate in a similar line of work. Harrison was also a guest at the Clarion.

For the second night in a row, Harrison asked the bartender, defendant Sandy Beach, to run a tab for a group having drinks. The first night he paid the tab with his American Express credit card. On April 8, however, Beach testified that Harrison did not provide a key, room number or credit card, and she did not know where to charge the bar bill.

On the night of April 8, the entire group of men, including Simon and Garza, decided to leave the Top of the Crown and go to Caddy's, another local bar. The entire group left together. No one paid the bill. Beach called down to inform the front desk of this unpaid bill, and was able to describe Simon and Garza.

---

1. This hotel is now known as the Regal Hotel.

A hotel security guard followed the group down the street to Caddy's. Garza and Simon were identified there by the guard, handcuffed by the Cincinnati police and brought back to the Clarion. The two men explained that Harrison had agreed to pay the bill, and they assumed that he had. Simon attempted at that point to sign the bar tab to Harrison's room. However, the Clarion, through its night manager, did not accept Simon's offer but instead insisted that theft charges be pressed against Garza and Simon. When Harrison later learned that Simon and Garza had been arrested, he went to the front desk to see if the bar tab had been added to his room charges. Harrison's bill reflected that the bar tab had been added to his room charges. Harrison paid the bar tab with the rest of his charges when he checked out of the hotel.

Garza and Simon were tried for theft, and were acquitted. Thereafter, they filed a civil action against the Clarion, Beach, and two individuals named Richard Heinlein and Robert Terrell, allegedly employed by the Clarion, but never otherwise identified. The complaint stated two claims for relief, one for malicious prosecution with attendant punitive damages, and one for false imprisonment. The trial court granted summary judgment to all defendants on the malicious-prosecution claim, but allowed the false-imprisonment claim to proceed to trial.

A jury trial was held. The trial court directed a verdict in favor of Terrell and Heinlein, but permitted the case to go to the jury against Beach and the Clarion. The jury found for Simon and Garza and against the Clarion, awarding $12,000 to each plaintiff. Beach was not found liable. Judgment was entered on the jury's verdict, and both sides appealed.

 In case No. C–960316, Simon and Garza challenge the granting of summary judgment on their malicious-prosecution claim. In case No. C–960342, the Clarion challenges the failure of the trial court to direct a verdict in its favor on the false-imprisonment claim.[2] We sustain elements of both appeals. We regret that this is required, because two sets of fact-finders, a panel of arbitrators and a jury, have evaluated this conduct and both awarded the same amount of money to Simon and Garza. Nonetheless, the case should have gone to the jury on the malicious-prosecution claim and not on the false-imprisonment claim.

---

**2.** Although Beach attempts to appeal the denial of her motion for a directed verdict on the false-imprisonment claim, she is not a proper appellant on this issue. It is well settled in Ohio that "an appeal lies only on behalf of a party aggrieved by the final order appealed from." *Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm.* (1942), 140 Ohio St. 160, 23 O.O. 369, 42 N.E.2d 758, syllabus. Further, "appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant." *Id.* at syllabus. Here, the jury's verdict was that Beach was not liable for false imprisonment. Thus, she is not an aggrieved party and has no basis to appeal on this issue.

## APPEAL OF GARZA AND SIMON ON THEIR MALICIOUS–PROSECUTION CLAIM

In their sole assignment of error in case No. C–960316, Garza and Simon argue that the trial court erred in granting summary judgment in favor of all defendants on their claim for malicious prosecution. We agree that this motion should not have been granted in favor of the Clarion.

Much has been written about the difference between malicious prosecution and false arrest or false imprisonment. This court went to some length to distinguish the two in *Evans v. Smith* (1994), 97 Ohio App.3d 59, 646 N.E.2d 217. The elements of the tort of malicious prosecution are set forth in the first paragraph of the syllabus of *Rogers v. Barbera* (1960), 170 Ohio St. 241, 10 O.O.2d 248, 164 N.E.2d 162, and in the syllabus of *Trussell v. Gen. Motors Corp.* (1990), 53 Ohio St.3d 142, 559 N.E.2d 732. The elements are (1) malice in instituting *or continuing* the prosecution; (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused.

Examining each of these elements in the case at bar, we hold that there is no question that the third element was met. Garza and Simon were acquitted of theft. We must determine whether there was a genuine issue of material fact on the other two elements of malicious prosecution.

In a claim for malicious prosecution, malice has been defined as "an improper purpose, or any purpose other than the legitimate interest of bringing an offender to justice." *Criss v. Springfield Twp.* (1990), 56 Ohio St.3d 82, 85, 564 N.E.2d 440, 443, citing Black's Law Dictionary (6 Ed.1990) 956; Prosser & Keeton, The Law of Torts (5 Ed.1984) 883, Section 119. Malice may be inferred from the absence of probable cause. *Melanowski v. Judy* (1921), 102 Ohio St. 153, 131 N.E. 360, paragraph one of the syllabus.

As to the element of lack of probable cause, which is the gist of the action for malicious prosecution, the defendant's conduct must be weighed in view of the facts and circumstances that the defendant knew or should have known at the time of the instigation of the criminal proceedings. *Melanowski, supra,* paragraphs one and two of the syllabus; *McFinley v. Bethesda Oak Hosp.* (1992), 79 Ohio App.3d 613, 607 N.E.2d 936.

The determinative issue is not whether a particular crime was actually committed, but whether there was a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused was guilty of the offense with which he was charged. *McFinley, supra,* at 617, 607 N.E.2d at 939, citing *Huber v. O'Neill* (1981), 66 Ohio St.2d 28, 30, 20 O.O.3d 17, 19, 419 N.E.2d 10, 12, citing *Ash v.*

*Marlow* (1851), 20 Ohio 119, paragraph one of the syllabus. Although this issue may be determined as a matter of law when reasonable minds could come to only one conclusion based on the evidence presented, it is ordinarily a question of fact to be resolved at trial. *Evans, supra,* 97 Ohio App.3d at 69, 646 N.E.2d at 223.

Based on the evidentiary material before the court at the time the motion for summary judgment was made, we hold that there were genuine issues of material fact on the issues of probable cause and malice against the Clarion only. Therefore, the trial court erred in granting summary judgment on this issue in favor of the Clarion. Garza's and Simon's sole assignment of error in case No. C–960316 is sustained in part.

## APPEAL OF THE CLARION ON FALSE–IMPRISONMENT CLAIM

■ In its second assignment of error [3] the Clarion argues that the trial court erred in failing to direct a verdict, either at the end of the plaintiffs' case-in-chief or at the close of all the evidence, in favor of the Clarion and Beach on the false-imprisonment claim. As mentioned in fn. 2, *supra,* since the jury found Beach was not liable, we will consider this assignment of error against the Clarion only. We agree with the Clarion.

■ False imprisonment involves the unlawful restraint by one person of the physical liberty of another. *Rogers, supra,* 170 Ohio St. at 243, 10 O.O.2d at 249, 164 N.E.2d at 164. The essence of the tort is depriving the plaintiff of his or her liberty without lawful justification. *Mullins v. Rinks, Inc.* (1971), 27 Ohio App.2d 45, 48, 56 O.O.2d 218, 220, 272 N.E.2d 152, 154. "[I]n a false imprisonment the detention is purely a matter between private persons for a private end * * *." *Evans,* 97 Ohio App.3d at 70, 646 N.E.2d at 224. In this case there was simply no evidence that any of the employees of the Clarion unlawfully restrained the liberty of Simon or Garza. We hold that the trial court erred in failing to direct a verdict in the Clarion's favor. We, therefore, sustain the Clarion's second assignment of error. Accordingly, the Clarion's third and fourth assignments of error are rendered moot by the disposition of its second assignment of error. App.R. 12(A)(1)(c).

In summary, in case No. C–960342, we reverse the judgment entered on the jury's verdict against the Clarion and enter final judgment in favor of the Clarion on the false-imprisonment claim. In case No. C–960316, we reverse the judg-

---

**3.** The defendants presented a first assignment of error in their cross-appeal: that the trial court did not err in granting their summary-judgment motion on the malicious-prosecution claim. Our response to this is set forth in our ruling in case No. C–960316.

ment in part and remand the cause for further proceedings on the malicious-prosecution claim against the Clarion.

*Judgment accordingly.*

DOAN, P.J., and GORMAN, J., concur.