OPINION
Plaintiff-appellant Maria Roque ("appellant") appeals the grant of summary judgment entered in Cuyahoga County Common Pleas Court in favor of defendants-appellees Taco Bell Corp; Mike Hughes and Mike D'Amato ("appellees") on her claims against them. For the reasons stated below, we reverse.
On February 6, 1998, appellant commenced the within action alleging that Taco Bell and its employees, Mike D'Amato and Mike Hughes, maliciously accused and prosecuted the criminal charges of theft and safecracking against her; that Taco Bell's negligent supervision of its employees caused this malicious prosecution; and that the malicious prosecution was such outrageous conduct as to constitute an intentional infliction of emotional distress.
Appellees jointly answered the complaint. The trial court set a discovery deadline for June 10. On May 18, 1998, appellant served her interrogatories and discovery requests on appellees. On June 12, appellant served subpoenaes on the police officers involved requesting information on the criminal case instituted against her and the video tape. On July 13, 1998, without having responded to the outstanding discovery served upon them, appellees jointly moved for summary judgment on the claims in appellant's complaint in which they argued that their involvement consisted of reporting a loss of money from the drop box at Taco Bell and submitting a security video to the police, which they believed showed appellant in the act of removing the money from a drop box. In their motion for judgment, appellees claimed that under the circumstances described, no malice on their part could be shown, and probable cause existed for the indictments issued by the Grand Jury against appellant. On August 7, 1998, appellant requested and received an extension of time to September 15 in which to respond to appellees' motion for judgment because appellees had still failed to provide responses to her May 18 discovery requests and the Cleveland police had failed to respond to the subpoenaes duces tecum. On August 24, appellant filed a motion to compel discovery asserting that appellees had still failed to provide discovery responses to her interrogatories and requests for production of documents. This motion remained unruled upon by the court. On August 25, appellant reissued subpoenaes to the police officers for depositions duces tecum. On September 4, appellant moved for sanctions against the Cleveland Police for their failure to appear at deposition. This motion remained unruled upon by the court.
On September 16, 1998, appellant filed her response to appellees' motion for summary judgment in which she alleged that appellees have withheld information in an attempt to make the matters obfuscatory. In her supporting affidavit, appellant affirmed that a short time prior to appellee Hughes' allegations against her, she had confronted him about abusing his power and corrupting her sister. Thus, appellant argued that a question of fact existed as to whether the prosecution was maliciously initiated by false information given to the police by appellee Hughes.
On September 20, 1998, without addressing the outstanding motion to compel discovery or motion for sanctions against the Cleveland police officers, the trial court granted appellees' motion for summary judgment. This timely appeal follows in, which appellant advances two assignments of error for our review.
 I. THE TRIAL COURT ERRED IN SUSTAINING DEFENDANT-APPELLEES'S (SIC) MOTION FOR SUMMARY JUDGMENT IN LIGHT OF THE TRIAL COURT'S FAILURE TO THOROUGHLY REVIEW THE RECORD BEFORE IT AS REQUIRED BY RULE 56, BOTH IN TERMS OF THE SUFFICIENT EVIDENCE PRESENTED BY PLAINTIFF-APPELLANT AND EVIDENCE THAT WOULD HAVE BEEN PRESENTED IF THE COURT DID NOT DENY MOTIONS TO COMPEL DISCOVERY.
 II. THE TRIAL COURT ERRED IN SUSTAINING DEFENDANT-APPELLEES['] MOTION FOR SUMMARY JUDGMENT BY FAILING TO APPROPRIATELY APPLY THE CIV.R. 56(C) STANDARD AS TO ESSENTIAL ELEMENTS OF MALICIOUS PROSECUTION, AS PLAINTIFF PRODUCED EVIDENCE OF GENUINE ISSUES OF MATERIAL FACT AS TO EACH ESSENTIAL ELEMENT SO THAT REASONABLE MINDS COULD NOT COME [TO] A CONCLUSION ADVERSE TO THE PLAINTIFF-APPELLANT AND THE TRIAL COURT DID NOT CONSTRUE THE EVIDENCE IN A LIGHT MOST FAVORABLE TO PLAINTIFF-APPELLANT.
In her first assigned error, appellant, in reliance on Murphyv. Reynoldsburg, (1992), 65 Ohio St.3d 356, complains that the trial court failed to comply with the requirement of Civ.R. 56(C) to thoroughly examine the record before entering judgment and failed to consider her motion to compel discovery. First, appellant complains that the "whirlwind" decision-making process demonstrates a failure to thoroughly review the material presented. Second, appellant contends that the trial court's failure, to rule on her motion to compel discovery cannot comport with the "cautious and conscientious review of the record" required by Civ.R. 56.
We find the circumstances of Murphy to be distinguishable from the matter before us. In Murphy, the trial court admitted that it had not reviewed the materials before it prior to ruling on the motion for summary judgment. Such is not the case here. There is no evidence in the record before us that the trial court failed to properly review the record. Accordingly, we find this argument advanced by appellant unpersuasive.
However, appellant further argues that the trial court erred in granting summary judgment without having necessary and relevant evidence before it. We agree.
This court reviews the lower court's grant of summary judgmentde novo. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704
. We apply the same test as a trial court, which test is set forth in Civ.R. 56(C) and specifically provides that before summary judgment may be granted it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United Inc. (1977), 50 Ohio St.2d 317, 327.
It is well-settled that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330; Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. However, once the moving party has satisfied this burden, the non-moving party has the burden to set forth specific facts showing there is an issue for trial. Dresher, supra. In accordance with Civ.R. 56(E), "a nonmovant may not rest on the mere allegations or denials of his pleading but must set forth specific facts showing there is a genuine issue for trial."Chaney v. Clark Cty. Agricultural Soc. (1993), 90 Ohio App.3d 421,424. The nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial.Dresher, supra; Celotex, supra at 322. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, supra at 358-359.
Pursuant to Civ.R. 56(C), the trial court may grant summary judgment where there is no genuine issue as to any material fact.Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344,346. A dispute of fact is "material" if it affects the outcome of the litigation and is "genuine" if demonstrated by substantial evidence going beyond the allegations of the complaint. Burkes v.Stidham (1995), 107 Ohio App.3d 363, 371. An issue of fact exists when the relevant factual allegations in the pleadings, affidavits, depositions or interrogatories are in conflict. Linkv. Leadworks Corp. (1992), 79 Ohio App.3d 735, 741. In deciding whether there is a genuine issue of material fact, the evidence must be construed in the nonmoving party's favor. Hannah v.Dayton Power Light Co. (1998), 82 Ohio St.3d 482, 485. Further, "the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion." Id., citing Turner v. Turner (1993), 67 Ohio St.3d 337,341.
The elements of the tort of malicious criminal prosecution are: (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused. Arrest of the plaintiff or seizure of his property is not a necessary element. [Citations omitted.]Trussell v. General Motors Corporation (1990), 53 Ohio St.3d 142, syllabus. "Malice," as the term is used in a claim of malicious prosecution, refers to "an improper purpose, or any purpose other than the legitimate interest of bringing an offender to justice."Criss v. Springfield Twp. (1990), 56 Ohio St.3d 82, 85. Alternatively, malice may be inferred by lack of probable cause.Adamson v. May Company (1982), 8 Ohio App.3d 266. The lack of probable cause is the gist of the tort. Garza v. Clarion Hotel,Inc. (1997), 119 Ohio App.3d 478, 482. Probable cause may be present though no crime has actually been committed; it exists when the facts and circumstances are such that a cautious individual would be warranted in the belief that the person accused is guilty of the offense with which he or she is charged.McFinley v. Bethesda Oak Hosp. (1992), 79 Ohio App.3d 613, 617.
In this case, it is undisputed that the criminal proceeding terminated in favor of appellant with the entry of a nolleprosequi pursuant to R.C. 2941.33 on the charges against her. Our inquiry then goes to only the first and second elements of the claim of malicious prosecution.
Generally, "a citizen who serves only as an informer of criminal activity is not regarded as having instituted the criminal proceedings." Robbins v. Fry (1991), 72 Ohio App.3d 360. However, "[t]he protected status of informer can be lost, when the informer provides false information or the informer demonstrates a desire, direction, request or pressure for the initiation of criminal proceedings." Id. at 362.
An indictment is prima facie evidence of probable cause. Carltonv. Davisson (1995), 104 Ohio App.3d 636, 650-651. The existence of probable cause to prosecute a criminal complaint defeats a cause of action for malicious prosecution because the lack of probable cause is an essential element of a plaintiff's claim. See Trussell v. General Motors Corp. (1990), 53 Ohio St.3d 142,559 N.E.2d 732. This presumption may be rebutted by evidence that the return of the indictment resulted from perjured testimony or that the grand jury proceedings were irregular. Deoma v. ShakerHts. (1990), 68 Ohio App.3d 72, 77. "The requirement of malice turns directly on the defendant's state of mind. Malice is the state of mind under which a person intentionally does a wrongful act without a reasonable lawful excuse and with the intent to inflict injury or under circumstances from which the law will infer an evil intent." Criss, supra. "If the basis cannot be shown, those who made the decision [to prosecute] will appear to have acted with no basis — that is, maliciously." Criss, supra at 84-85.
In response to appellees' motion for summary judgment on appellant's claim of malicious prosecution and the related claims of negligent supervision and intentional infliction of emotional distress made against them, appellant contends that one or more of the appellees provided "false information" to the police resulting in the charges against her. Without discovery appellant is unable to present evidence to demonstrate whether a question of fact exists and is unable to rebut the presumption that the indictment evidences probable cause.
The record reveals that appellant first sought discovery by interrogatories and requests for production of documents propounded on appellees. Next, appellant filed a motion to compel discovery. Further, appellant issued subpoenaes duces tecum for information from the Cleveland police and requested sanctions for their failure to comply. Finally, appellant argued in her brief in opposition to the motion f or summary judgment that her prosecution may have been predicated on false information given to the police. Thus, from the record it is clear that the trial court was sufficiently alerted to appellant's inability to produce evidence that a question of fact remained as to whether false information was provided to the police causing prosecution of appellant without probable cause.
In the instant case, the trial court did not rule upon the motion to compel. Such non-action has the effect of essentially denying the request. Humphrey v. Scottish Lion Ins. Co. Ltd., (Mar. 15, 1996), Trumbull App. No. 94J-5099. We review the trial court's discovery rulings under an abuse of discretion standard.Tracy v. Merrell Dow Pharmaceuticals (1991), 58 Ohio St.3d 147. A judgment preventing the requesting party from pursuing discovery will not be reversed unless the ruling causes substantial prejudice. Shaver v. Standard Oil Co. (1990), 68 Ohio App.3d 783,800.
In Tucker v. Webb Corp. (1983), 4 Ohio St.3d 121, our supreme court determined that even though a party failed to avail himself of the procedure afforded by Civ.R. 56(F) in order to obtain the necessary discovery to oppose a motion for summary judgment that "taking into account the ramification of a summary disposition, [they] believe that the courts below should have been more cautious in determining whether any genuine issues of material fact existed * * *." See, also, Whiteleather v. Yosowitz (1983),10 Ohio App.3d 272. The Tucker court determined that "one cannot weigh evidence most strongly in favor of one opposing a motion for summary judgment when there is a dearth of evidence available in the first place." Tucker, supra. It is the lack of evidence on a key issue which will render summary judgment inappropriate.Hatzlachh Supply, Inc. v. Appliance Ctr. of Toledo Inc. (Sept. 30, 1988). Lucas App. No. L-88-040, unreported. See Laidley v.St. Luke's Medical Center (June 3, 1999), Cuyahoga App. No. 73553, unreported.
We find it unreasonable for a trial court to require a party opposing a motion to produce rebuttal evidence and at the same time to deny that party the opportunity to discover that evidence. Therefore, although the trial court is vested with discretion in its regulation of discovery, we find it an abuse of discretion for the trial court to deny appellant the opportunity to obtain the facts necessary to oppose a motion for summary judgment made against her.
Accordingly, we find appellant's first assignment of error to be well taken.
In accordance with our determination of appellant's first assignment of error, we need not address appellant's second assigned error. App.R. 12(A)(1)(c).
Reversed and remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellees her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL, P.J., CONCURS; and KARPINSKI, J., DISSENTS (WITHDISSENTING OPINION)
 ___________________________________ TIMOTHY E. McMONAGLE JUDGE
 DISSENTING OPINION