OPINION
Plaintiff-appellant Sharon Doty appeals the decision of the Jefferson County Common Pleas Court which granted summary judgment on her malicious prosecution claim in favor of defendants-appellees Sergeant Edward Lulla of the Steubenville Police Department, et al. For the reasons set forth below, the decision of the trial court is affirmed.
On October 2, 1994 at approximately 3:20 a.m., appellant was traveling in a westerly direction on Logan Avenue in Steubenville, Ohio. When appellant approached the intersection with State Route 7, she encountered a blinking red light. At this time, Officer James Marquis of the Steubenville Police Department was operating an unmarked police vehicle in a northerly direction on State Route 7 approaching a blinking yellow light at the intersection with Logan Avenue. As the officer neared the intersection, appellant began to make a left turn onto State Route 7 and thus crossed over the officer's lane of travel. Although the officer braked in an attempt to avoid colliding with appellant's vehicle, his actions were unsuccessful and he struck the driver's side of appellant's vehicle causing it to roll onto its side.
Sergeant Lulla responded to the scene of the crash and prepared a traffic report. He then cited appellant for failing to yield the right of way. Although the officer indicated that he was traveling between 35 and 45 m.p.h. in a 35 m.p.h. zone, he was not cited for speeding. Sergeant Lulla stated that no citation was issued at the time as he was unable to confirm the speed of Officer Marquis' vehicle. However, he did preserve evidence such as skid mark lengths for analysis by an officer skilled in accident reconstruction.
Appellant was subsequently convicted in the Steubenville Municipal Court for failure to yield the right of way. On appeal, this court held that the weight of the evidence established that the officer was speeding, that he was not operating his vehicle in a lawful manner and, as such, he did not have the right of way.City of Steubenville v. Doty (Nov. 22, 1995), Jefferson App. No. 94-J-75, unreported, 3. Hence, we reasoned that appellant did not commit the offense of failing to yield the right of way. Appellant's conviction was reversed, and she was discharged.
Following her success on appeal, appellant filed a complaint in the Jefferson County Common Pleas Court, alleging several causes of action against a number of parties. Due to various bifurcations and settlements, it is the claim of malicious prosecution that is relevant to the issue herein. The basis for appellant's malicious prosecution cause of action was a belief that Sergeant Lulla lacked probable cause to cite her for failure to yield and that the citation was maliciously issued in order to protect a fellow officer from liability.
After the completion of discovery and other pre-trial matters, appellees filed a motion for summary judgment on January 11, 1999. Appellant responded that she had presented evidence on each element of her malicious prosecution claim requiring the matter be submitted to a jury. Nonetheless, the trial court granted appellees' motion for summary judgment. Appellant filed timely notice of appeal and set forth the following assignment of error:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT IN AWARDING SUMMARY JUDGMENT TO THE DEFENDANTS, BECAUSE THERE EXIST GENUINE ISSUES OF FACT IN THE RECORD."
Pursuant to Civ.R. 56(C), summary judgment is appropriate if there is no genuine issue of material fact that remains to be litigated, the movant is entitled to judgment as a matter of law, and it appears that reasonable minds can only come to a conclusion that is adverse to the nonmovant. Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm
(1995), 73 Ohio St.3d 107, 108. We must determine de novo
whether the movant met its initial burden of producing some evidence that the requirements of Civ.R. 56(C) are met.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. If this burden has been met, we must determine whether the nonmovant met its reciprocal burden to establish that there is a genuine issue of fact and that reasonable minds could reach different conclusions. Id. We must affirm the entry of summary judgment if reasonable minds can only find for the movant on any of the three elements of malicious prosecution.
The three elements of a malicious criminal prosecution claim are as follows: (1) malice in instituting or continuing the prosecution; (2) lack of probable cause to institute said proceedings; and (3) termination of the prosecution in favor of the criminal defendant. Criss v. Springfield Twp. (1990), 56 Ohio St.3d 82,84; Trussell v. General Motors Corp. (1990), 53 Ohio St.3d 142,144. The contested elements in the case at bar are malice and probable cause.
Although malice is the "ultimate issue" (Criss,56 Ohio St.3d at 86), this particular state of mind can be inferred from a lack of probable cause. Melanowski v. Judy (1921), 102 Ohio St. 153,155. See, also, Garza v. Clarion Hotel, Inc. (1997), 119 Ohio App.3d 478,482; Carlton v. Davisson (1995), 104 Ohio App.3d 636,650. Whether malice should be inferred from a lack of probable cause is generally a jury question. As such, we shall begin our analysis with the element of probable cause and determine whether Sergeant Lulla had probable cause to issue a citation for failure to yield.
Probable cause for the purpose of a malicious prosecution cause of action has been defined as a "reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offence with which he is charged."Melanowski, 102 Ohio St. at 156. See, also, Huber v. O'Neill
(1981), 66 Ohio St.2d 28, 30; Wurth v. Emro Marketing Co. (1998),125 Ohio App.3d 494, 505. It is important to recognize that probable cause may exist despite the fact that no crime actually occurred. McFinley v. Bethesda Oak Hosp. (1992), 79 Ohio App.3d 613,617. There is no requirement that the individual who instituted the criminal action possess evidence that would ensure a conviction. Deoma v. Shaker Hts. (1990), 68 Ohio App.3d 72, 77, citing Epling v. Pacific Intermountain Express Co. (1977),55 Ohio App.2d 59, 62.
Various Ohio courts, including this court, have recognized that the existence of certain circumstances raise a presumption of probable cause. For instance, it has been held that a grand jury indictment is prima facie evidence of probable cause. McIver v.City of Youngstown (Mar. 1, 1990), Mahoning App. No. 88 CA 205, unreported, 2; Reinoehl v. Trinity Universal Ins. Co. (1998),130 Ohio App.3d 186, 196; Adamson v. May Co. (1982), 8 Ohio App.3d 266; Roque v. Taco Bell, Inc. (Feb. 10, 2000), Cuyahoga App. No. 75413, unreported. In this scenario, these courts shift the burden to the plaintiff to rebut the presumption of probable cause by establishing the indictment resulted from perjured testimony or that the grand jury proceedings were significantly irregular.
Similarly, it has been held that a finding of guilt in a criminal proceeding by a court of competent jurisdiction raises a presumption of probable cause even if the conviction is later overturned by a reviewing court. Courtney v. Rice (1988),46 Ohio App.3d 133, 136, citing Vesey v. Connally (1960), 112 Ohio App. 225,228. In these cases, the prior finding of guilt acted as a complete defense in a later action for malicious prosecution brought by a criminal defendant against the individual who instituted the original criminal proceedings. Id. As with the situation involving an indictment, the presumption regarding probable cause may be rebutted upon a showing that fraud or unlawful means were used in order to obtain the conviction. Id. See, also, Tilberry v. McIntyre (Sept. 30, 1999), Cuyahoga App. No. 74549, unreported. If we were to strictly follow the line of cases immediately aforementioned, we would presume that Sergeant Lulla had probable cause to issue a citation for failing to yield the right of way since the Steubenville Municipal Court convicted appellant of said charge and appellant failed to allege fraud or illegality in obtaining the conviction.
While our analysis would ordinarily rest upon the foregoing authorities as being dispositive of the case sub judice, the fact that one of the parties to the accident in question was a member of the police department that issued a citation to appellant and the fact that we have previously determined that appellant could not have been guilty of the aforementioned citation, is a fact situation that compels this court in the interests of justice to also look at the totality of the circumstances. In that regard, we note that Sergeant Lulla did not lack probable cause to issue a citation. Sergeant Lulla cited appellant for failure to yield the right of way, an offense for which he believed she was guilty due to the fact that she pulled out in front of another car which she never saw until it hit her. The officer claimed to be driving between 35 and 45 m.p.h. The crash report listed 45 m.p.h. as the officer's speed and noted that the legal speed limit is 35 m.p.h. Sergeant Lulla took measurements from the scene and submitted them to a sergeant at the traffic division who was to determine the actual speed of the officer's vehicle. Sergeant Lulla was not skilled in accident reconstruction and was not competent to make an informed decision on the speed of the officer's vehicle. Further, appellees submitted an affidavit of the prosecuting attorney in the case who stated that he reviewed the crash report and determined that there was probable cause to proceed with an action against appellant regardless of the officer's speed. Upon being presented with the evidence and testimony in the case, the Steubenville Municipal Court concluded that not only was probable cause present but also appellant was believed to be guilty beyond a reasonable doubt. The fact that this court reversed appellant's conviction on manifest weight grounds, does not establish a lack of probable cause. It must be remembered that probable cause may exist despite the fact that no crime actually occurred and despite the fact that the individual instituting the action lacked evidence that would ensure a conviction. McFinley,79 Ohio App.3d at 617; Deoma, 68 Ohio App.3d at 77.
For the foregoing reasons, the decision of the trial court is hereby affirmed.
Donofrio, J., concurs.
Waite, J., concurs.