DECISION AND JUDGMENT ENTRY
Appellants set forth the following nine assignments of error:
 "1. The trial court erred in granting summary judgement on the issue of Appellee Hummer having a qualified privilege or immunity to make statements regarding the fire to the press.
 "2. The trial court erred in granting summary judgement on the issue that Appellee Hummer did make false statements negligently about Alex Rogge starting the fire with napalm.
 "3. The trial [court] erred in granting summary judgement on the issue that Alex Rogge was wrongfully detained.
 "4. The trial court erred in granting summary judgement on the issue of Appellee Hummer's concealment of exculpatory evidence.
 "5. The trial court erred in granting summary judgement on the issue of Appellee Hummer acting towards Alex Rogge with fraud.
 "6. The trial court erred in granting summary judgement on the issue of Appellee Hummer withholding exculpatory evidence from Alex Rogge.
 "7. The trial court erred in granting summary judgement on the issue of immunity and negligent supervision of the City of Perrysburg and the Perrysburg Police Department.
 "8. The trial court erred in granting in striking [sic] the affidavits of Anil Sharma, Kathy Sharma, and Debbie Hartman.
 "9. The trial court judge erred in not changing venue or recusing himself."
The first seven assignments of error relate to the trial court's May 5, 2000 judgment entry granting appellees' motion for summary judgment. We review these assignments of error de novo. Conley-Slowinski v.Superior Spinning (1998), 128 Ohio App.3d 360, 363, discretionary appeal not allowed (1998), 83 Ohio St.3d 1464 . A movant is entitled to summary judgment pursuant to Civ.R. 56(C) when he or she demonstrates:
 "* * * that there is no issue as to any material fact, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion, and that conclusion is adverse to the non-moving party." Miller v. Bike Athletic Co. (1998), 80 Ohio St.3d 607, 617.
Upon review of the record and the applicable law, we find that the well-reasoned opinion and judgment entry of the Honorable Charles F. Kurfess properly determines and correctly disposes of the material issues in the first seven assignments of error. We therefore adopt the judgment of the trial court as our own as it relates to these assignments of error. See Appendix A.[1] Appellants' first seven assignments of error are found not well-taken.
In their eighth assignment of error, appellants contend that the trial court erred in striking certain affidavits. Since a trial court has discretion to decide which evidence to admit or exclude, we review this assignment of error for abuse of discretion. See Peters v. State LotteryComm. (1992), 63 Ohio St.3d 296, 299 certiorari denied (1992),506 U.S. 871; Olmsted Twp. Bd. of Trustees v. City of Berea (June 18, 1998), Cuyahoga App. No. 73782, unreported. The Supreme Court of Ohio has stated that "[t]he term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, quoting State v. Adams (1980),62 Ohio St.2d 151, 157.
Upon review of the record and the applicable law, we find that the well-reasoned opinion and judgment entry of the Honorable Charles F. Kurfess properly determines and correctly disposes of the material issues in the eighth assignment of error. We therefore adopt the judgment of the trial court as our own as it relates to the eighth assignment of error. See Appendix A. Appellants' eighth assignment of error is found not well-taken.
In their ninth assignment of error, appellants contend that the trial court erred in denying their motion to change venue and in not recusing himself. We review this assignment of error for abuse of discretion. SeeRailroad Ventures, Inc. v. Drake (June 27, 2000), Columbiana App. No. 99-CO-10, citing State ex rel. McCoy v. Lawther (1985), 17 Ohio St.3d 37,38. In this case, the trial court denied the motion to change venue at a hearing on February 17, 2000. In doing so, the court reasoned that any potential juror bias could be discovered and handled during voir dire. Since the purpose of voir dire is to discover bias or prejudice, seeKrupp v. Poor (1970), 24 Ohio St.2d 123, 125, the trial court did not abuse its discretion in denying the motion to change venue.
Appellants also claim in their ninth assignment of error that the trial judge erred in not recusing himself. However, there is nothing in the record indicating that appellants properly sought to have the trial judge disqualified. Instead, appellants argued below that the trial court should transfer venue because appellee Hummer had attended a political function at the home of the trial judge's brother, which the trial judge also attended. The trial court explained on the record that he had a passing acquaintance with appellee Hummer, but he might not even recognize him out of context. In any event, the trial judge stated that appellants had not properly sought recusal, but he would consider a proper request. Appellants took no further action to have the trial court disqualified. Since appellants never properly requested recusal or disqualification, the trial judge did not err in not recusing himself.
Accordingly, appellants' ninth assignment of error is found not well-taken, and the judgment of the Wood County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal.
 _____________________ Melvin L. Resnick, J.
James R. Sherck, J. and Mark L. Pietrykowski, P.J. CONCUR.
[1] For clarification, we note the following typographical citation errors in the trial court's judgment entry:
 (1) on page 4, the citation to the Paine case should be Pain Enterprises v. Wessling (Mar. 22, 1995), Hamilton App. No. C-930888, unreported;
 (2) on page 15, the citation to the Hicks case should be Hicks v. Leffler (1997), 119 Ohio App.3d 424;
 (3) on page 16, the citation to the Mullins case should be Mullins v. Rinks (1971), 27 Ohio App.2d 45; and
 (4) on page 20, the citation to the McCloud case should be McCloud v. Nimmer (1991), 72 Ohio App.3d 533.