DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Sandusky Municipal Court, in which the trial court granted a motion for summary judgment filed by appellee, Venator Group ("Venator"), and dismissed the complaint filed by appellant, David Aaron, which set forth claims of false arrest and abuse of process. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On appeal, appellant sets forth the following two assignments of error:
 {¶ 3} "Assignment of error no. 1
 {¶ 4} "The trial court errs by granting summary judgment on an abuse of process claim when the court rules that there is no genuine issue of material fact when a plaintiff indicates that a private citizen did not have probable cause to file a complaint, but indicates that the police department had probable cause to arrest the plaintiff based on the information given by the citizen.
 {¶ 5} "Assignment of error no. 2
 {¶ 6} "The trial court errs by granting summary judgment and not declaring a complaint void when a defendant and police officer effectuate an arrest when they both do not have probable cause."
 {¶ 7} On September 29, 1997, appellant, David Aaron, purchased a pair of boots from a Footquarters shoe store ("Footquarters"). Aaron then attempted to exchange the boots for another, more expensive pair of boots, at a different Footquarters store. Rebecca Chaffee, manager of the second shoe store, assisted appellant with the exchange. However, Chaffee made an error in calculating the price of the second pair of boots, resulting in appellant receiving a "credit" that required him to pay much less than the boots were worth. Chaffee asked Aaron either to return the boots to the store or pay the correct purchase price. When Aaron did not return the boots, Chaffee contacted the Perkins Police Department, a warrant was obtained, and Aaron was arrested on criminal theft charges.
 {¶ 8} On September 29, 1998, Aaron filed suit against Venator, aka Footquarters. The complaint set forth claims for damages due to malicious prosecution, false arrest, and abuse of process.[1] Venator responded to the complaint by filing a motion for summary judgment, in which it argued that appellant's claims were barred by the one-year statute of limitations set forth in R.C. 2305.11.
 {¶ 9} On May 30, 2001, the trial court found that Aaron's three claims were time-barred, and dismissed the complaint. That judgment was appealed and, on February 8, 2002, this court upheld the dismissal of appellant's claim for malicious prosecution. However, we found that the remaining two charges of false arrest and abuse of process were not time-barred, and remanded the case to the trial court for resolution of those issues. Aaron v. Venator Group, 6th Dist. No. E-01-023,2002-Ohio-527.
 {¶ 10} On February 26, 2002, Venator filed an answer to the complaint. On June 24, 2002, Venator filed a motion in which it asked the trial court to admit as evidence statements made by Aaron in response to Venator's request for admissions. On July 28, the trial court found that the following statements are "facts [that] are conclusively established for the purpose of this lawsuit:"
 {¶ 11} "1. Plaintiff David Aaron believes and therefore so alleged in his Complaint that defendants at no time had probable cause to bring criminal charges against him for the events that occurred on September 29, 1997.
 {¶ 12} "2. David Aaron's arrest on September 29, 1997 was conducted by the Perkins Police Department.
 {¶ 13} "3. The search of David Aaron's person and property on September 29, 1997 was conducted by the Perkins Police Department.
 {¶ 14} "4. David Aaron's detention on September 29, 1997 was administered by the Perkins Police Department.
 {¶ 15} "5. At no time did Rebecca Chaffee personally physically restrain David Aaron on September 29, 1997.
 {¶ 16} "6. At no time did any employee of the defendant Venator Group, Inc., aka Footquarters Shoe Store, personally physically restrain David Aaron on September 29, 1997.
 {¶ 17} "7. At no time did Rebecca Chaffee personally restrain David Aaron by force or threat of force on September 29, 1997.
 {¶ 18} "8. At no time did any other employee of Venator Group, Inc., aka Footquarters Shoe Store, personally restrain David Aaron by force or threat of force on September 29, 1997."
 {¶ 19} On June 28, 2002, Venator filed a motion for summary judgment and a memorandum in support thereof, in which it argued, based on the above-admitted facts, that Aaron was unable to establish his claims of false arrest and abuse of process as a matter of law. Attached to Venator's memorandum was the affidavit of Rebecca Chaffee.
 {¶ 20} Chaffee stated in her affidavit that, on September 29, 1997, due to an error, Aaron received a "credit" for exchanging a pair of boots that was substantially higher than the price he paid for the original pair of boots. Chaffee further stated that she reported a theft to the Perkins Police Department when Aaron did not return to the store to rectify the error, after which he was arrested and detained by members of the Perkins Police Department. Chaffee stated that she did not physically touch or restrain Aaron in any way on September 29, 1997.
 {¶ 21} On December 5, 2002, the trial court filed a judgment entry in which it granted Venator's motion for summary judgment and dismissed Aaron's claims for false arrest and abuse of process. On January 6, 2003, a timely notice of appeal was filed.
 {¶ 22} We note at the outset that, in reviewing a summary judgment, an appellate court must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 23} In the original complaint, Aaron asserted claims for malicious prosecution, abuse of process and false arrest. All three claims were based on the same underlying set of facts. As previously stated, Aaron's claim for malicious prosecution was dismissed as time-barred and, as such, was not decided on the merits. Accordingly, in reviewing the merits of Aaron's two remaining causes of action, we must also determine whether the undisputed facts in this case are sufficient, as a matter of law, to differentiate each of them from a cause of action for malicious prosecution.
 {¶ 24} Aaron asserts in his first assignment of error that the trial court erred as a matter of law by dismissing his claim for abuse of process. The elements of the tort of abuse of process are:
 {¶ 25} "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; *** and (3) that direct damage has resulted from the wrongful use of process. ***" Yaklevich v. Kemp, Schaeffer RoweCo. (1994), 68 Ohio St.3d 294, 298 (citations omitted). "The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club." Robb v. Chagrin Lagoons Yacht Club, Inc. (1996),75 Ohio St.3d 264, 271 (citation omitted).
 {¶ 26} In contrast, the elements of a claim for malicious prosecution are: "(1) malice in instituting or continuing the prosecution; (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused." Garza v. The Clarion Hotel (1997),119 Ohio App.3d 478, 482 (other citations omitted). The tort is specifically designed "to provide a remedy when a proceeding is instituted without probable cause." Yaklevich, supra, at 297.
 {¶ 27} In cases where it appears that the same underlying facts constituting a claim for malicious prosecution also support an action for abuse of process, "a consideration of whether probable cause was present to bring the underlying litigation would be the key to determining under which tort theory the action should proceed." Yaklevich, supra, at 297.
 {¶ 28} Aaron argues that a claim of abuse of process is proper because the Perkins Police Department reasonably relied on false information given by Chaffee in obtaining an arrest warrant. However, Aaron has not brought his claim against the Perkins Police Department. The claim was brought against Venator, and the fact remains that Aaron did not challenge the trial court's finding that Venator, acting through Chaffee, had no "probable cause" to ask the Perkins Police Department to arrest Aaron for theft. Accordingly, the proper cause of action under these facts would have been for malicious prosecution, not abuse of process.
 {¶ 29} Upon consideration of the foregoing, this court finds that the trial court did not err by finding that, as a matter of law, Aaron could not prevail on a claim of abuse of process. Aaron's first assignment of error is not well-taken.
 {¶ 30} In support of his second assignment of error, appellant asserts that the trial court erred as a matter of law by dismissing his claim for false arrest.
 {¶ 31} False arrest has been defined as "the unlawful violation of the personal liberty of another." Rogers v. Barbera (1960),170 Ohio St. 241, 243. In such cases, "the detention is by reason of an asserted legal authority to enforce the process of the law." Id. False arrest is "the proper action where the aggrieved party is arrested without legal process, or under a void process." Id. (other citation omitted).
 {¶ 32} Aaron argues on appeal that the arrest warrant executed by the Perkins Police Department was regular on its face, but, nevertheless, the "whole process was void," because the trial court later determined that Venator brought the criminal action without probable cause. This argument fails for two reasons.
 {¶ 33} First, a proper warrant issued by a court is a complete defense to an action for false arrest. McFarland v. Shirkey (1958),106 Ohio App. 517, 524. A later finding that an otherwise proper arrest was not justified does not render it "void" from its inception. SeeHarvey v. Horn (1986), 33 Ohio App.3d 24.
 {¶ 34} Second, in a case where, as here, the plaintiff alleges that "the process on which an arrest is made is regular on its face, but is sued out maliciously and without probable cause, the remedy is an action for malicious prosecution [not false arrest]." Rogers, supra. As set forth above, any claim Aaron may have brought against Venator for malicious prosecution was previously disposed of by the trial court and upheld by this court in the first appeal.
 {¶ 35} Upon consideration of the foregoing, this court finds that the trial court did not err by finding that, as a matter of law, Venator was entitled to summary judgment as to Aaron's claim of false arrest. Aaron's second assignment of error is not well-taken.
 {¶ 36} Upon consideration whereof, this court further finds that there remains no genuine issue of material fact and, after construing the facts most strongly in favor of the non-moving party, appellee Venator is entitled to summary judgment as a matter of law. The judgment of the Sandusky Municipal Court is hereby affirmed. Court costs are assessed to appellant, David Aaron.
 JUDGMENT AFFIRMED.
[1] Two weeks after the civil lawsuit was filed, the underlying criminal charges were dismissed.