TUCKER, APPELLANT, *v.* WEBB CORPORATION, APPELLEE.

[Cite as Tucker *v.* Webb Corp. (1983), 4 Ohio St. 3d 121.]

(No. 82-547—Decided April 13, 1983.)

*Messrs. Keating, Muething & Klekamp* and *Mr. William A. Posey,* for appellant.

*Clark & Eyrich Co., L.P.A., Mr. Steven T. MacConnell* and *Mr. David S. Levine,* for appellee.

*Per Curiam.* In determining the appropriateness of granting a motion for summary judgment pursuant to Civ. R. 56, we noted in *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, at page 66 [8 O.O.3d 73]:

"The appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor."

While taking these factors into account, the courts below found that the evidence compelled a summary adjudication in favor of the appellee Webb Corporation, as a matter of law. We do not agree.

While we hold that summary judgment here was improper, our focus turns on the preliminary inquiry of whether the trial court had sufficient evidence before it in order to make a just and proper decision. As the United States Supreme Court noted with respect to the corresponding federal rule in *Associated Press* v. *United States* (1945), 326 U.S. 1, at page 6:

"* * * Rule 56 should be cautiously invoked to the end that parties may always be afforded a trial where there is a bona fide dispute of facts between them. *Sartor* v. *Arkansas Natural Gas Corp.* [1944], 321 U.S. 620."

In the instant case, we find that appellant Tucker was allotted insufficient time to discover the essential facts surrounding the transactions that took place between Knost, Reed Engineering Co. and the Webb Corporation. These undiscovered facts could not only assist appellant in supporting his cause of action, but could also reveal whether there exist any genuine issues of material fact to be determined. Although the appellant did not cite Civ. R. 56(F)[1] specifically, he did in effect ask the trial court for more discovery in attempting to justify his opposition to Webb's motion for summary judgment.[2]

---

[1] Civ. R. 56(F) reads as follows:

"When affidavits unavailable. Should it appear from the affidavits of a party opposing the motion for summary judgment that he cannot for sufficient reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

[2] Tucker's memorandum in opposition to Webb's summary judgment motion states, in part, as follows:

"Initially, the Court should be aware that defendant has filed this motion for summary judgment prior to the institution of any substantial discovery against it thus far which would determine certain issues present in the case surrounding the sale of the right to manufacture the 'Reed product line' by Lloyd K. Knost [*sic*] (hereinafter sometimes referred to as Knost), or the other defendants herein, to the Webb Corporation."

Hence, this cause presents a different situation than that which was found to exist in *Benjamin* v. *Deffet Rentals* (1981), 66 Ohio St. 2d 86 [20 O.O.3d 71]. In *Benjamin,* we noted that the plaintiffs involved chose not to avail themselves of the procedure afforded by Civ. R. 56(F) in order to obtain the necessary discovery, *supra,* at page 92. However, in the case *sub judice,* the appellant stated initially that he needed more discovery, but he chose not to rest his opposition to appellee's summary judgment motion on that theory alone. Faced with the task of opposing appellee's motion, appellant attempted to include all possible theories contra to appellee's motion, as well as proposing his own motion for summary judgment. Taking into account the ramifications of a summary disposition, we believe that the courts below should have been more cautious in determining whether any genuine issues of material fact existed that could potentially impose liability on the appellee for the injuries sustained by appellant. One cannot weigh evidence most strongly in favor of one opposing a motion for summary judgment when there is a dearth of evidence available in the first place.

Therefore, we find that the trial court should have at least given the appellant more time in order to discover the facts surrounding the transactions between Knost, Reed Engineering Co. and the Webb Corporation, and on remand the trial court should do so accordingly.

Therefore, we reverse the decision of the court of appeals and remand the cause to the trial court for further proceedings not inconsistent with this opinion.

*Judgment reversed and
cause remanded.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.