### Treece v. Mullet
*[Cite as 6 AOA 167]*

*Case No. CA-406*
*Holmes County, (5th)*
*Decided August 6, 1990*

*Robert N. Gluck, 231 North Buckeye Street, P.O. Box 1011-E, Wooster, Ohio 44691, for Plaintiffs-Appellants.*

*Craig R. Reynolds, 441 West Liberty Street, P.O. Box 943-E, Wooster, Ohio 44691, for Defendant-Appellee.*

GWIN, J.

On February 13, 1986, plaintiff-appellant, Howard Treece (appellant), and three fellow road crew employees of the Ohio Department of Transportation (O.D.O.T.) were assigned to dump concrete slabs into a culvert that had been washed out on State Route 515 in Holmes County. The road crew consisted of appellant, Don Russell, Dave Eiler, and Mike Barton. After the four crew members had arrived at the designated work site, Barton, the foreman, instructed Eiler and Russell to work as flagmen to stop the north and southbound traffic which would approach the work site.

After Eiler and Russell had the approaching traffic stopped, Barton pulled the O.D.O.T. dump truck onto State Route 515, perpendicular to that road, and began to back towards the culvert.

Appellant stood on the driver's side of the O.D.O.T. truck towards the rear corner to help guide Barton's backward approach.

Meanwhile, defendant-appellee's, Vernon Mullet (appellee), employee, Andrew Beachy, was driving a loaded coal truck southbound on State Route 515 towards the O.D.O.T. work site. The coal truck was loaded with approximately 18 to 20 tons of coal and had a broken speedometer. Beachy was familiar with State Route 515 and testified that as he rounded a bend, he saw vehicles stopped in the southbound lane in front him but was unable to stop. In order to avoid the traffic in front of him, Beachy swerved into the northbound lane and struck the O.D.O.T. truck with such force as to cause the latter truck to hit appellant and knock him into the culvert. Appellant sustained numerous injuries and filed the present law suit.

On July 15, 1987, appellant moved the trial court for summary judgment as to the liability of appellee in that a violation of the assured-clear-distance statute constitutes negligence per se. In support thereof, appellant filed the affidavits of himself, Eiler, and Barton. Appellee responded by claiming that there were genuine issues of material fact precluding summary judgment, i.e., appellant and/or appellant's work crew failed to place cautionary signs to warn oncoming traffic along State Route 515 of the O.D.O.T. work site and such "was an independent, intervening, proximate, causal factor constituting a legal excuse for Beachy's failure to comply with the assured clear distance ahead statute," and appellant was contributorily negligent because he was aware of the O.D.O.T. regulations requiring cautionary signs but failed to place such signs along the roadway or ascertain if any signs had been placed. The trial court overruled appellant's motion for summary judgment finding that:

"[T]here is some question concerning the existence of negligence on the part of the Plaintiff by reason of the fact that an apparent dispute in fact may exist as to whether any warning signs, flagmen or other warning devices were placed on the roadway and on either side of the roadway ahead of where the Plaintiff and other members of his working crew were engaged in repairing a culvert washout on the roadway and while doing so had the entire roadway and the paved portion thereof plugged by vehicles and equipment. Since this apparent discrepancy in facts does exist it establishes a matter of fact which must be tried by a jury...."

March 17, 1989 Judgment Entry.

On October 10, 1989, appellant filed a motion *in limine* seeking to exclude any evidence of whether appellant was contributorily negligent for failing to display road construction signs-because there is no basis in law or fact to impute the negligence, if any, of O.D.O.T. and its employees to appellant. That motion was overruled.

During trial, appellant objected to any evidence concerning the alleged requirements contained in the O.D.O.T. manual for posting cautionary signs along the roadway because R.C. 4511.10 only states that "[t]he department of transportation *may* place and maintain traffic control devices conforming to its manual and specifications upon all state highways as are necessary....," i. e., O.D.O.T.'s compliance with its manual is discretionary. (Emphasis added.) This objection was overruled.

Finally, appellant moved for a directed verdict on the issue of liability, objected to the "sudden emergency charge and the comparative negligence charge" all of which were overruled.

Following deliberations, the jury returned a defendant's verdict finding appellant 62% negligent and appellee 38% negligent, and the trial court entered judgment accordingly. Appellant now seeks-our review and assigns the following as error:

"I. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE RIGHTS OF THE PLAINTIFF-APPELLANT BY FAILING TO GRANT PLAINTIFF-APPELLANT'S MOTION FOR SUMMARY JUDGMENT WHEN THERE EXISTED NO GENUINE ISSUE OF FACT WITH RESPECT TO PLAINTIFF-APPELLANT'S RIGHT TO JUDGMENT AS A MATTER OF LAW.

"II. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE RIGHT OF PLAINTIFF-APPELLANT'S FAIR TRIAL BY ADMITTING TESTIMONY REGARDING SIGNAGE DURING HIGHWAY WORK WHEN IT WAS NOT DEMONSTRATED THAT THE SIGNAGE WAS REQUIRED AND THAT PLAINTIFF-APPELLANT WAS RESPONSIBLE FOR PLACING SIGNS.

"III. THE COURT COMMITTED ERROR PREJUDICIAL TO THE PLAINTIFF-APPELLANT BY FAILING TO DIRECT A VERDICT IN HIS FAVOR AND AGAINST DEFENDANT-APPELLEE WITH RESPECT TO LIABILITY FOR THE ACCIDENT.

"IV. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR TO THE DETRIMENT OF THE PLAINTIFF-APPELLANT BY INSTRUCTING THE JURY ON ISSUES OF CONTRIBUTORY NEGLIGENCE AND SUDDEN EMERGENCY.

"V. THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW."

I

In his first assignment, appellant claims that the trial court erred in failing to grant his motion for summary judgment. Summary judgment is appropriate where the movant demonstrates:

(1) there is no genuine issue as to material fact;

(2) the moving party is entitled to summary judgment as a matter of law; and

(3) reasonable minds can reach but one conclusion, and that conclusion is adverse to the party against whom the motion is made, who is entitled to have the evidence construed most strongly in its favor. *Tucker v. Webb Corp.* (1983), 4 Ohio St. 3d 121; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64.

Appellant claims that based on the facts as set out above, it was error for the trial court to overrule his motion for summary judgment and cites numerous cases in support of the proposition that a violation of the assured-clear-distance statute has been held to be negligence *per se.* See *Cox v. Polster* (1963), 174 Ohio St. 224 (a violation of the assured-clear-distance rule constitutes negligence per se); *Blair v. Joff-Kirby Co.* (1976), 49 Ohio St. 2d 5.

R.C. 4511.21 provides in pertinent part:

". . . person shall drive any motor vehicle. . . in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured-clear-distance ahead."

The court in *Blair, supra,* in its syllabus held that:

"Whether an object is discernable under a given set of circumstances is a question of fact, and when reasonable minds could reach different conclusions from the evidence presented upon the question, a motion for a directed verdict upon that basis should be overruled."

In the instant case, it was admitted by Beachy that he saw the vehicles stopped in front of him as he rounded the bend on Route 515 and was unable himself to stop. Therefore, there is no question of fact of whether Beachy could discern the vehicles before him. However, the evidence presented to the trial court on summary judgment did create a material issue of fact as to whether appellant had a duty to place cautionary signs.

Accordingly, the trial court was not in error in overruling appellant's motion for summary judgment, and we overrule this first assignment of error.

II

In this assignment, appellant claims the trial court erred in permitting appellee to present evidence at trial regarding appellant's duty to place cautionary signs.

As stated above, appellee, at the summary judgment level, presented sufficient evidence which created a material issue of fact as to whether appellant had a duty to place cautionary signs. It therefore follows that the trial court did not err in permitting appellee to present further evidence at trial to establish that duty. However, as discussed more thoroughly below, this evidence was ultimately rendered irrelevant by appellee's failure to establish appellant's duty regarding the cautionary signs.

Accordingly, we overrule this assignment.

III, IV & V

Appellant's remaining assignments go to whether there was any evidence of contributory negligence on the part of appellant.

"It is rudimentary that in order to establish actionable negligence, one must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom." *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77.

A review of the record and transcript in the instant case indicates that appellee has failed to establish any negligence on the part of appellant by failing to establish that appellant had any duty to place cautionary signs or a duty to inquire whether such were placed.

First, as pointed out by appellant above, R.C. 4511.10 gives discretion to O.D.O.T. regarding the usage of cautionary signs as contained in the O.D.O.T. manual.

Second, all evidence presented at trial indicated that appellant had no duty to place signs nor insure that such signs were placed as part of his O.D.O.T. employment. There was no evidence that appellant's bob description required him to post signs or inquire whether such were posted, nor was there any evidence that appellant was told to post signs by his supervisors or fellow employees. Merely because appellant had a number of years of experience working for

O.D.O.T. and knew there were dangers associated with the work does not establish a duty that appellant place signs.

Additionally, even if it were shown that appellant's supervisor was negligent in not insuring that cautionary signs were posted, we know of no authority which would impute that negligence to appellant.

Therefore, based on the above, the trial court erred in not granting a directed verdict as to the liability of appellee in that it was undisputed that Beachy, as he rounded the bend going southbound, saw the stopped vehicles before him, was unable to stop, veered into the northbound lane, collided with the O.D.O.T. dump truck, and caused the O.D.O.T. truck to strike appellant. From these facts, the assured-clear-distance statute, the above-cited authority relating to negligence per se, failure by appellee to establish any duty as it pertains to appellant regarding cautionary signs and no evidence justifying Beachy's failure to comply with the assured-clear-distance statute (sudden emergency) results in our finding that the trial court should have granted appellant's motion for a directed verdict. It follows that the trial court erred in instructing the jury as to comparative negligence and sudden emergency.

For the foregoing reasons, appellant's third, fourth and fifth assignments of error are sustained.

The judgment of the Holmes County Court of Common Pleas is hereby reversed, and we remand this cause to that court for a new trial in accordance with this opinion.

MILLIGAN, P.J., and HOFFMAN, J., concur.