OPINION
Plaintiff-appellant Elizabeth Miller appeals the March 4, 1998 Judgment Order of the Ashland Municipal Court granting summary judgment in favor of defendant-appellee Steven Nussbaum, D.O.
 STATEMENT OF THE FACTS AND CASE
On January 20, 1997, at approximately 6:45 p.m., appellant entered the emergency room of the Samaritan Hospital in Ashland, Ohio. Appellant spoke to a triage nurse on duty, demanding a neurological referral. The nurse informed appellant a nurse or physician needed to examine her before the hospital would make the referral. Appellant refused to be examined and refused to answer questions regarding her medical history, current medications, and other medical problems. Appellant became verbally abusive and left the emergency room. Moments later, appellant returned, again demanding a neurological referral. Appellant continued to refuse to be examined.
Due to appellant's alleged disruptive behavior, appellee, a physician on duty in the emergency room, notified the Ashland Police Department. Appellee tried to pursuade appellant to consent to an examination, but appellant remained adamant. As appellant attempted to leave the emergency room, appellee positioned himself between her and the exit doors. After a few moments, appellee permitted appellant to leave.
As the police arrived, appellant drove off the hospital premises in her vehicle. Patrolman Icenhour proceeded after appellant. Sergeant Peaslee entered the emergency room and spoke with appellee. Appellee informed the officer appellant was unstable and needed to be committed to Massillon State Hospital. When the sergeant asked appellee if he would take care of the committal paperwork if the police detained appellant, appellee stated appellant would need to be evaluated by Appleseed Counseling, but he would recommend she be committed. Sgt. Peaslee relayed this information to Officer Icenhour, who was still in pursuit of appellant.
Patrolman Icenhour eventually stopped appellant. As he spoke to her, the officer received a radio call from Sgt. Peaslee advising appellee wanted appellant returned to the hospital. Appellant sped away. Again, the officer pursued her. Appellant was ultimately stopped by the State Highway Patrol, who had to use stop sticks to flatten the tires of her vehicle. When appellant was in custody, the police noticed she had a bloody hand and returned her to the hospital for an evaluation. A representative of Appleseed Counseling conducted an initial psychiatric assessment of appellant. The counselor did not recommend involuntary hospitalization for appellant. Appellant was released to the custody of the Ashland Police and criminal charges followed.
On November 5, 1997, appellant filed a claim against appellee in the Ashland Municipal Court, Small Claims Division, seeking damages in the amount of $2,916.52. On January 12, 1998, appellant filed a motion to transfer her claim to the regular docket of the Ashland Municipal Court. On January 15, 1998, the trial court overruled appellant's motion. Subsequently, appellant filed a voluntary dismissal of the action.
Thereafter, on January 20, 1998, appellant filed a complaint in the Ashland Municipal Court. On February 23, 1998, appellee filed his answer and a motion for summary judgment. The trial court scheduled a hearing on the motion for February 24, 1998. Via Order dated March 4, 1998, the trial court granted summary judgment in favor of appellee and dismissed appellant's complaint.
It is from this judgment entry appellant appeals, raising the following assignments of error:
 I. THE TRIAL COURT ABUSED ITS DISCRETION BY HOLDING A HEARING FOR DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BEFORE DISCOVERY COULD CLARIFY ISSUES IN THIS CASE.
 II. COMPLEX FACTS AND UNSETTLED QUESTIONS OF LAW IN THIS CASE WERE NOT PROPERLY ADDRESSED BY THE LOWER COURT. CONFLICTS NEITHER FIRST BEING IDENTIFIED NOR SECONDLY ADDRESSED CAUSED THE LOWER COURT TO ERROR AS A MATTER OF LAW IN GRANTING THE MOTION FOR SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT.
 III. WHEN DEFENSE COUNSEL SUBMITTED PLEADING'S WHICH FAILED TO ADDRESS ISSUES ENUMERATED IN THE COMPLAINT AND ATTEMPTED TO SUPPORT HER MOTION FOR SUMMARY JUDGMENT THROUGH THE USE OF THOSE OMISSIONS ALONG WITH UNCONFIRMED DISCREPANCIES, INCLUDING AN AFFIDAVIT IN SUPPORT, THE LOWER COURT ERRED AS A MATTER OF LAW IN CONSIDERING THOSE PLEADINGS AND AFFIDAVIT, FILED IN BAD FAITH, IN RULING THERE WERE NO ISSUES OF MATERIAL FACT.
 IV. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING THE MOTION FOR SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT AND NOT THE PLAINTIFF WHERE IT FAILED TO VIEW PLEADINGS IN A LIGHT MOST FAVORABLE TO THE PLAINTIFF, WHICH DENIED THE PLAINTIFF'S FIRST AMENDMENT RIGHTS TO PETITION THE GOVERNMENT FOR A REDRESS OF GRIEVANCES.
 I
In her first assignment of error, appellant maintains the trial court erred in granting summary judgment in favor of appellee prior to the exchange of discovery.
Civ.R. 56(F) provides:
 (F) When affidavits unavailable. Should it appear from the affidavits of a party opposing the motion for summary judgment that he cannot for sufficient reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.
In Tucker v. Webb Corp. (1983), 4 Ohio St.3d 121, the Ohio Supreme Court found the trial court erred in granting summary judgment to defendant-appellee when plaintiff-appellant was allotted insufficient time to discover essential facts. Plaintiff-appellant in Tucker, supra, alerted the trial court to the fact the motion was filed prior to the institution of any substantial discovery, but, nonetheless, attempted to oppose defendant-appellee's motion. Id. at 122-123. The Hamilton County Court of Appeals affirmed the trial court's granting of summary judgment. Id. at 123. The Ohio Supreme Court reversed the decision of the court of appeals and remanded the matter to the trial court for further proceedings. Id.
However, when a party opposing a motion for summary judgment chooses not to avail himself of the procedure afforded by Civ.R. 56(F) in order to obtain the necessary discovery, the party has failed to preserve such error for appeal. Stegawski v. ClevelandAnesthesia Group (1987), 37 Ohio App.3d 78, 87 (Citation omitted).
A review of the record reveals appellant failed to submit affidavits asserting she could not present facts essential to justify her opposition to appellee's motion for summary judgment. The record further reveals appellant did not request a continuance to permit the completion of discovery. Because appellant failed to comply with the provisions of Civ.R. 56(F), we find she waived her right to assign such error.
Appellant's first assignment of error is overruled.
 II IV
In her second and fourth assignments of error, appellant argues the trial court erred in granting summary judgment in appellee's favor because genuine issues of material fact exist and appellee was not entitled to summary judgment as a matter of law.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
It is based upon this standard that we review appellant's assignment of error.
The tort of defamation is an action to recover for injury to a person's reputation caused by a false publication that "lower[s] him in the estimation of the community or * * * deter[s] third persons from associating or dealing with him." Restatement of the Law 2d, Torts (1977) 156, Section 559. See, also, Hersch v. E.W.Scripps Co. (1981), 3 Ohio App.3d 367, fn. 11 (Quotation omitted).The prima facia case of an action for defamation, whether in libel or slander, is established by proof of:
 (a) a false and defamatory statement concerning another;
(b) an unprivileged publication to a third party;
 (c) fault amounting at least to negligence on the part of the publisher; and
 (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.
 3 Restatement of the Law 2d, Torts (1977) 155, Section 558, as adopted by Akron-Canton Waste Oil v. Safety-Kleen Oil Services, Inc. (1992), 81 Ohio App.3d 591, 601.
The defamatory meaning of the statement must have been understood by the third party. Sheets v. Rockwell Internatl.Corp. (1990), 68 Ohio App.3d 345, 352. Slander refers to spoken defamatory words, while libel is generally defined as written or printed defamatory words. Restatement of the Law 2d, Torts,supra, at 177, Section 568; Driscoll v. Block (1965), 3 Ohio App.2d 351,362.
The statement at issue in the instant action is appellee's remark to the police appellant was unstable and needed to be committed to Mansfield State Hospital. This statement is memorialized in Sgt. Peaslee's police report. It is undisputed appellant was not involuntarily committed on January 20, 1997, but rather released to the custody of the Ashland Police Department.
Assuming, arguendo, the evidence is sufficient to support a finding appellee's statement to the police was false[1], appellant must show a causal connection between the statement and her alleged damages. Appellant asserts, as a result of appellee's statement, the police assaulted her, criminal charges were filed against her, and her action for custody of her son was interfered with.
Upon review of the record, we find appellant's arrest and subsequent criminal prosecution were the result of her actions in fleeing and eluding the police and not the result of appellee's comment. Although the police pursued appellant based upon appellee's statement, appellant herself failed to heed the signal of the police, which caused the officers to engage in an extended chase. Criminal charges against were filed as a result of the chase. Because appellant's own actions were an intervening and superseding cause, we find appellee's statement was not a proximate cause of appellant's alleged damages.
Appellant has failed to establish genuine issues of material fact exist as to the proximate cause of her damages; therefore, we find the trial court did not err in granting summary judgment in favor of appellee.
Appellant's second and fourth assignments of error are overruled
 III
In her third assignment of error, appellant contends the trial court erred in considering the affidavit of appellee.
Pursuant to Civ.R. 56(C), a trial court may consider the following evidentiary material when rendering summary judgment:
 the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any * * *
Civ.R. 56(E), which governs the form of affidavits, provides, in part:
 Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.
In support of his motion for summary judgment, appellee submitted his own affidavit. Appellee's affidavit was made on personal knowledge, sets forth facts which would be admissible in evidence, and affirmatively shows appellee is competent to testify to the matter stated therein. Because the trial court could properly consider appellee's affidavit in rendering its decision regarding the motion for summary judgment pursuant to Civ.R. 56(C) and because the affidavit comported with Civ.R. 56(E), we find the trial court did not err in considering such evidentiary material.
Appellant's third assignment of error is overruled.
The Order of the Ashland Municipal Court is affirmed.
By: Hoffman, J., Gwin, P.J. and Reader, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the Order of the Ashland County Municipal Court is affirmed. Costs assessed to appellant.
[1] The fact appellant was not involuntarily committed on January 20, 1997, creates an inference appellee's statement may have been false.