DECISION
Plaintiffs-appellants, Teresa Harrison and her husband, appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment for defendant-appellee, the Franklin County Sheriff's Department ("Sheriff's Department"). The trial court, in a decision issued February 24, 2000, held that the Sheriff's Department is immune from liability pursuant to R.C. 2744; that plaintiff Harrison's claim for negligence against her employer is barred because all of her injuries are compensable under the Ohio Worker's Compensation system; and that the plaintiffs had failed to establish any intentional tortious activity of the Sheriff's Department. The trial court also denied plaintiffs' Rule 56(F) motion for additional time and plaintiffs' motion for leave to file a supplemental reply instanter.
Appellant, Teresa Harrison, was employed by the Sheriff's Department as a deputy assigned to the court services division. In that capacity, her duties included transporting prisoners from various county incarceration facilities to court for hearings and other appearances, and returning them to incarceration. On April 2, 1997, Harrison was required to transport a wheelchair-bound prisoner, Alva Campbell, from the Franklin County Corrections Center to the court of common pleas for arraignment. When Harrison and the prisoner arrived at the loading dock of the courthouse, Harrison removed the prisoner from the van, placed him in his wheelchair and proceeded toward the entrance of the courthouse building.
As they waited for courthouse security to answer the intercom, Campbell, who was feigning paralysis, suddenly jumped out of his wheelchair and attacked appellant. After physically assaulting her, he took her gun and ran away. As a result of this attack, appellant suffered significant physical and psychological injuries.
In the process of perfecting his escape, Campbell car-jacked a pickup truck driven by Charles Dials. Later that day, Campbell shot and killed Dials with the gun he stole from appellant. Campbell was subsequently captured and now awaits execution on death row.
On April 1, 1998, appellants filed a complaint in the Franklin County Common Pleas Court against Teresa's employer, the Franklin County Sheriff's Department, claiming negligent failure to warn, negligent failure to provide necessary information, negligent failure to diagnose, negligent failure to provide more than one deputy, negligent failure to perform adequate diagnostic testing, failure to provide adequate staffing, negligent failure to provide proper training, negligent failure to provide proper security, and negligent hiring and supervision. Appellants also alleged employer intentional tort, and negligent infliction of emotional distress. They sought compensatory and punitive damages, loss of consortium and attorney fees.
On August 19, 1999, appellee, the Sheriff's Department, filed a motion for summary judgment. In support of its motion, appellee argued that it was immune from appellants' claims pursuant to R.C. 2744 and that appellants' claims are also barred by R.C. 4123.74. Appellee further argued that appellants lacked sufficient evidence to prove the elements of an employer intentional tort claim. In response to appellee's motion for summary judgment, appellants filed a memorandum in opposition, and also moved for additional time to conduct discovery, pursuant to Civ.R. 56(F), before responding to the claim that there was no evidence to support an intentional tort. Appellants also filed a motion seeking leave to file instanter a surreply brief, claiming that appellee had introduced new arguments and submitted new evidence in its reply brief.
On February 24, 2000, the trial court granted appellee's motion for summary judgment. The trial court denied appellants' Civ.R. 56(F) request for additional time to respond and leave to file their motion for leave to file a surreply brief. The trial court held that the Sheriff's Department is immune from liability pursuant to R.C. 2744, and that appellants' claims are barred by R.C. 4123.74 of the Ohio Workers' Compensation Act. The court also held that appellants failed to provide evidence to support the elements of their employer intentional tort claim.
Appellants appeal from the above judgment, assigning the following assignments of errors:
 I. THE TRIAL COURT ERRED WHEN IT CONCLUDED THAT THE FRANKLIN COUNTY SHERIFF'S DEPARTMENT IS IMMUNE FROM PLAINTIFF TERESA HARRISON'S CLAIMS UNDER R.C. 2744.
 II. THE TRIAL COURT ERRED WHEN IT CONCLUDED THAT ALL OF PLAINTIFF TERESA HARRISON'S DAMAGES ARE COMPENSABLE UNDR R.C. 4123 AND THAT HER CLAIMS AGAINST THE FRANKLIN COUNTY SHERIFF'S DEPARTMENT ARE THEREFORE BARRED UNDER R.C. 4123.74.
 III. THE TRIAL COURT ERRED WHEN IT RULED THAT PLAINTIFFS HAD FAILED TO PROVIDE EVIDENCE IN SUPPORT OF TERESA HARRISON'S INTENTIONAL TORT CLAIM SUFFICIENT TO DEFEAT THE FRANKLIN COUNTY SHERIFF'S DEPARTMENT'S MOTION FOR SUMMARY JUDGMENT.
 IV. THE TRIAL COURT ERRED WHEN IT DENIED PLAINTIFF'S RULE 56(F) MOTION FOR AN EXTENSION OF TIME TO RESPOND TO THE FRANKLIN COUNTY SHERIFF'S DEPARTMENT MOTION FOR SUMMARY JUDGMENT.
Since this matter arises out of the trial court's grant of summary judgment pursuant to Civ.R. 56, we review the trial court's determination independently, and without deference. Brown v. Scioto Cty. Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711. In conducting our review, we apply the same standard as the trial court. Maust v. Bank One Columbus,N.A. (1992), 83 Ohio App.3d 103, 107.
In accordance with Civ.R. 56, summary judgment may only be granted if, viewing the evidence most strongly in favor of the nonmoving party, no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can only come to a conclusion which is adverse to the nonmoving party. Harless v. Willis Day WarehousingCo., Inc. (1978), 54 Ohio St.2d 64. A motion for summary judgment first forces the moving party to inform the court of the basis of the motion and to identify portions in the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280,296. If the moving party makes that showing, the nonmoving party then must produce evidence on any issue so identified and supported for which the party bears the burden of production at trial. Wing v. AnchorMedia, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus (Celotex v. Catrett [1986], 477 U.S. 317,106 S.Ct. 2548, approved and followed). If the nonmovant fails to meet its burden, a granting of summary judgment for the movant may be appropriate.
In their first assignment of error, appellants argue that the trial court erred in holding that the Sheriff's Department is immune from liability under R.C. 2744. They argue that the trial court misapplied the statute when it held that the county may only be liable for the negligent acts of its employees, committed on county property, if the injury is due to a physical defect of said property.
Resolution of the issues raised by appellants under this assignment of error turns on statutory construction of the various sections of R.C. 2744, and a review of the cases interpreting those sections. R.C.2744.02(A)(1) states in relevant parts:
 * * * a political subdivision is not liable in damages in a civil action for injury * * * caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.
This section of the Ohio Revised Code in effect provides governmental entities blanket immunity against suites arising from the tortuous conduct of the entity or its employees. The exceptions to this blanket immunity are contained in R.C. 2744.02(B), which states in relevant part:
 [P]olitical subdivisions are liable for injury * * * that is caused by the negligence of their employees and that occurs within or on the grounds of buildings * * * including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, * * *. R.C. 2744.02(B)(4).
Finally R.C. 2744.09(B) states in relevant part that political subdivision immunity does not apply to suits brought by employees of the subdivision with regard to matters arising "out of the employment relationship between the employee and the political subdivision."
There is no dispute in this case that the Sheriff's Department is a political subdivision as defined by R.C. 2744. Hence it is subject to the provisions of R.C. 2744 granting it immunity and to the exceptions therein. Construing the evidence in a light most favorable to the appellants, we will also assume here, as did the trial court, that the attack on Teresa Harrison took place on the grounds of a government building, namely the county courthouse.
Appellants argue that the trial court erred in holding that R.C.2744.02(B) limits tort liability of government entities to injuries resulting from physical defects in governmental buildings. The trial court relied on Steward v. City of Columbus (Sept. 10, 1998), Franklin App. 97APG12-1567, unreported. The primary issue in Steward was the negligent failure to give notice to plaintiff of the impoundment of his automobile. In other words, the negligence in Steward involved a governmental action unconnected to the building. Appellants point to subsequent cases from this court and other cases from other districts where it was held that the exception in R.C. 2744.02(B)(4) applies to all instances of negligence occurring in government buildings and is not limited to physical defects or the maintenance of such buildings. See,e.g., Williams v. Columbus Bd. Of Edn. (1992), 82 Ohio App.3d 18; Hubbardv. Canton City School Bd. Of Edn. (Oct. 26, 1998), Stark App. No. CA00089, unreported. The allegations of negligence in this case do, in part, relate to the condition of the building. There is a genuine issue of fact about the failure to maintain a secure sallyport for the loading and unloading of wheelchair bound prisoners. The place utilized for that purpose was the general purpose loading dock beneath the courthouse complex, a section of the building not part of the jail itself.
The trial court erred in finding that there was no genuine issue of fact concerning the applicability of R.C. 2744.02(B)(4).
However, the error does not effect the validity of the trial court's ruling since summary judgment was appropriate as will be discussed in the succeeding assignments of error. Hence, appellants' first assignment of error is overruled as no prejudice resulted.
In their second assignment of error appellants argue that the trial court erred in holding that their claims against Teresa Harrison's employer, the Sheriff's Department, are barred because all of Teresa's injuries are included within one event, the attack upon her in the courthouse loading dock and are compensable only through her workers' compensation claim. The trial court found no evidence to support a separate claim for use of psychological injuries resulting from the use of Teresa Harrison's gun to kill Dials later that day. Thus, the trial court found that the Sheriff's Department, Harrison's employer, is immune from appellants' common law negligence claim.
R.C. 4123.74 provides that employers who pay into the workers' compensation fund
 shall not be liable to respond in damages at common law or by statute for any injury * * * received or contracted by any employee in the course of or arising out of his employment * * *. The code defines injury to include "any injury, * * *, received in the course of, and arising out of, the injured employee's employment." But it does not include "psychiatric conditions except where the conditions have arisen from an injury or occupational disease. R.C. 4123.01(C)(1).
The crucial issue here is whether all of appellant Teresa Harrison's psychological injuries are related to the physical attack she suffered on April 2, 1997. We believe that they are.
In Kerans v. Porter Paint Co. (1991), 61 Ohio St.3d 486, the Ohio Supreme Court stated that not all employee injuries fall "within the meaning of R.C. 4123.74, that is, within the definition of `injury' in R.C. 4123.01." Id. at 488. The Supreme Court distinguished injuries that are purely psychological from those with physical manifestations suffered in the course of one's employment. The allegation in Kerans, was that appellant's psychological disturbances were a result of her being subjected to sexual harassment by her manager, an employee of appellee. The court reasoned that if workers' compensation was the only available remedy for victims of sexual harassment in the workplace, those victims would often be left without a remedy. This is due to the nature of the remedy that is measured in terms of economic losses resulting from their work-related injury. Id. at 489. Consequently, employees with purely psychological injuries would end up with minimal provable economic damages and hence, minimal or no compensation. Therefore, the Supreme Court concluded that an employee who suffers a purely psychological injury in the course of his or her employment may pursue a statutory or common law remedy.
Similarly, in Bunger v. Lawson Company (1998), 82 Ohio St.3d 463, the Ohio Supreme Court found that because psychological injuries are not included within the statutory definition of "injury," the workers' compensation statutes do not prevent an employee from seeking a common-law remedy against his or her employer.
In Kerans and Bunger, it is important to note that the alleged psychological injuries were not connected to a physical injury and therefore there was no possible relief available under the workers' compensation statutes even though the origin of psychological claims were acts that occurred in the course of employment.
In this case, viewing the evidence in a light more favorable to the appellants, it is undisputed that Teresa Harrison was attacked by prisoner Campbell on April 2, 1997. At the time of the attack, Harrison was in the course of performing her duties as a deputy in the court services division. As a result of this attack, Teresa Harrison suffered multiple physical and psychological injuries. The record reflects that appellant Harrison has been receiving compensation through workers' compensation for both physical and psychological injuries. However, she claims that she is suffering from an additional and distinct psychological injury due to the fact that her gun, taken in the attack, was used to kill Dials later that day. We find appellants' argument in this regard unpersuasive. Her psychological injuries, even though partly manifesting themselves later, were all a direct consequence of the attack on her by Campbell, and compensable, in total, through the state workers' compensation system. Psychological injuries often arise later; yet, if related to the work-connected injury, they are compensable. To hold otherwise would mean that, in many instances, there would be no recovery under workers' compensation, and no alternate source of recovery.
Accordingly, appellants' second assignment of error is overruled.
In their third assignment of error, appellants assert that the trial court erred in ruling that plaintiffs failed to produce sufficient evidence to support an employer intentional tort claim. The trial court found the Sheriff's Department's conduct does not rise beyond negligence and therefore is barred by both R.C. Chapter 4123.
Appellants argue that R.C. 4123.74 does not apply where the employer's conduct causing the injury is an intentional tort. Appellants are correct, provided that an intentional tort can be proved. R.C. 2745.01. Pursuant to R.C. 2745.01, an employer is liable for intentional tort "only if an employee * * * prove by clear and convincing evidence that the employer deliberately committed all of the elements of an employment intentional tort." In Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, the Ohio Supreme Court set out the criteria required to establish an employer intentional tort. The court stated in the syllabus that "in order to establish `intent' for the purpose of proving an intentional tort committed by an employer against his employee, the following must be demonstrated:
 (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation;
 (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and
 (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. Citing (Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, paragraph five of the syllabus).
The Supreme Court in Fyffe applied the above standard to the facts of that case where the employer had intentionally removed a safety guard from a conveyer system with full knowledge that the purpose of the guard was to protect employees from potential injury. Plaintiff Fyffe was injured as a result. The court concluded that based on the facts of that case "reasonable minds could differ concerning whether or not an intentional tort had been committed by the employer against the employee. Therefore a genuine issue of fact exists to be presented to the trier of fact." Id. at 120.
In the case at bar, appellants contend that the Sheriff's Department's conduct rises to the level of intentional tort. Appellants point to the following evidence in their attempt to prove intent: that the Sheriff's Department violated its own rules by not providing two deputies to transport felons in wheelchairs; that it failed to provide appellant with sufficient safety information; that it told appellant that Campbell was "paraplegic" where in fact he was merely diagnosed with "hysterical" paralysis and had been seen using his legs by other deputies; that the vehicle used was not designed to transport wheelchair-bound individuals; and that the loading dock was not designed for the purpose of unloading wheelchair-bound prisoners.
Viewing the above evidence, along with other evidence in the record before us, in a light most favorable to the appellants, we find that reasonable minds could only find negligence in this case. We agree with the trial court that most, if not all, of the decisions involved were within the discretion of appellant Teresa Harrison. Nowhere in the record is it indicated that Teresa Harrison had no say whatsoever as to the manner in which prisoners were to be transported to and from the courthouse. Appellees point to the readily available assistance at appellant's fingertips throughout the transportation process, where all she had to do was ask for it. The totality of the evidence favorable to appellants falls far short of proving that the Sheriff's Department had knowledge that continuation of these procedures or conditions would result in the substantial certainty of harm to one of its deputies.
Appellants' third assignment of error is overruled.
In their fourth and final assignment of error, appellants contend that the trial court erred in denying their Civ.R. 56(F) motion for an extension of time. Appellants point to the Ohio Supreme Court's decision in Tucker v. Webb Corporation, (1983), 4 Ohio St.3d 121. In Tucker, the court held that the trial court should have given the non-moving party more time to discover necessary facts surrounding the transaction in question before ruling on a summary judgment motion.
However, the case at bar differs significantly from the Tucker case. In Tucker, the sought-after evidence was key to the issue whether a genuine issue of fact exists. The Tucker court pointed out that a key factor in whether to grant a Civ.R (56) motion for summary judgment is whether the trial court had "sufficient evidence before it in order to make a just and proper decision." Id. at 122. In this case, the trial court had ample evidence before it in making its decision. Substantial discovery had been conducted. The trial court did not abuse its discretion when it denied appellants' motion for an extension of time for further depositions to be taken, none of which would appear to affect the ruling of the court.
Appellants' fourth assignment of error is overruled.
Having overruled all four of appellants' assignments of error the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
PETREE, J., concurs. KENNEDY, J., dissents.