JUDGMENT ENTRY OPINION
{¶ 1} On November 15, 2001, appellant, David Goedel, filed a complaint against appellee, Beneficial Mortgage Company of Ohio, claiming appellee improperly accounted for appellant's payments on several loans appellant had with appellee. As a result, appellant incurred late charges, excessive interest and damaged credit. Appellant filed a more definite statement on February 6, 2002.
 {¶ 2} On March 1, 2002, appellee filed an amended answer and counterclaim for overdue loan payments.
 {¶ 3} After numerous extensions, the trial court set a final discovery and dispositive motion deadline for August 1, 2002.
 {¶ 4} Following unsuccessful mediation on July 24, 2002, the parties deposed each other. Thereafter, appellant served appellee with interrogatories and requests for production of documents.
 {¶ 5} On August 1, 2002, appellee filed a motion for partial summary judgment on Counts II, V and VI of appellant's more definite statement.
 {¶ 6} On August 12, 2002, appellant filed a Civ.R. 56(F) motion for additional time to complete discovery before responding to the motion for partial summary judgment. By judgment entry filed August 14, 2002, the trial court granted the motion and gave appellant until October 19, 2002 to complete discovery.
 {¶ 7} Because he was dissatisfied with appellee's responses, appellant filed a second Civ.R. 56(F) motion and motion to compel discovery on November 1, 2002. A hearing was held on November 12, 2002. By judgment entry filed November 21, 2002, the trial court denied said motions. In addition, the trial court granted appellee's motion for partial summary judgment.
 {¶ 8} On December 26, 2002, appellee filed a motion to compel and sought attorney fees/expenses as sanctions for appellant's failure to respond to requested discovery. A hearing was held on January 13, 2003. By judgment entry filed January 30, 2003, the trial court granted the motion to compel. Appellant responded on February 6, 2003, but was unable to itemize his damages as requested, alleging insufficient discovery. On February 10, 2003, appellee filed a motion to strike and/or dismiss the more definite statement.
 {¶ 9} On February 14, 2003, appellant filed a motion to reopen discovery and motion for reconsideration of prior orders. On February 24, 2003, appellant voluntarily dismissed his remaining claims.
 {¶ 10} On March 24, 2003, appellee filed a motion for default judgment on the counterclaim for appellant's failure to comply with the trial court's January 30, 2003 order regarding discovery.
 {¶ 11} A hearing on appellee's request for attorney fees/expenses was held on April 8, 2003. By judgment entry filed April 17, 2003, the trial court denied appellant's motions to reopen discovery and for reconsideration, and awarded appellee $1,172.05 for attorney fees relating to the motion to compel. Appellant filed a notice of appeal (Case No. 2003AP050038).
 {¶ 12} By judgment entry filed June 12, 2003, the trial court granted appellee's motion for default judgment on the counterclaim. Appellant filed a notice of appeal (Case No. 2003AP070056).
 {¶ 13} By judgment entry filed July 15, 2003, the trial court entered a formal judgment of default against appellant in the amounts of $5,375.46 and $3,238.87 plus interest. By judgment entry filed July 17, 2003, the trial court awarded appellee $1,125.00 for attorney fees relating to the prosecution of the default judgment. Appellant filed a notice of appeal (Case No. 2003AP070058).
 {¶ 14} On August 4, 2003, this court consolidated the three appeals. This matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 15} "The trial court erred in its November 21, 2002 judgment entry by denying plaintiff's November 1, 2002 second rule 56(f) motion for extension of time to conduct discovery."
 II {¶ 16} "The trial court erred in its November 21, 2002 judgment entry by denying plaintiff's november 1, 2002 motion to compel discovery."
 III {¶ 17} "The trial court erred in its November 21, 2002 judgment entry by granting defendant's motion for partial summary judgment."
 IV {¶ 18} "The trial court erred in its April 17, 2003 judgment entry by denying plaintiff's motion for reconsideration and motion to reopen discovery."
 V {¶ 19} "The trial court erred in its January 30, 2003 judgment entry and its April 17, 2003 judgment entry by awarding to beneficial attorney fees as discovery sanctions against plaintiff."
 VI {¶ 20} "The trial court erred in its June 12, 2003 judgment entry and July 15, 2003 judgment entry by granting discovery sanctions against plaintiff in the form of a default judgment on beneficial's counterclaim."
 VII {¶ 21} "The trial court erred in its July 17, 2003 judgment entry by awarding to beneficial attorney fees as discovery sanctions against plaintiff."
 I, II {¶ 22} Appellant claims the trial court erred in denying his second Civ.R. 56(F) motion to extend the time for discovery and his November 1, 2002 motion to compel discovery. We disagree.
 {¶ 23} The appropriate standard of review is abuse of discretion. Mauzy v. Kelly Servs., Inc. (1996),75 Ohio St.3d 578. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983) 5 Ohio St.3d 217. However, such a review is also tempered with the law of this state that matters are best resolved on their merits as opposed to the technical procedural niceties of the civil rules. DeHart v. Aetna LifeIns. Co. (1982), 69 Ohio St.2d 189. Because of the finality of summary judgment motions, such motions are ripe for decision when all discovery is complete. Tucker v. Webb Corp. (1983),4 Ohio St.3d 121.
 {¶ 24} The pleadings sub judice closed on April 5, 2002 with the filing of appellant's answer to appellee's counterclaim. Following extensions, a final discovery and dispositive motion deadline was set for August 1, 2002.[1]
 {¶ 25} On the deadline date, appellee filed a motion for partial summary judgment regarding Counts II, V and VI of appellant's more definite statement. Pursuant to a Civ.R. 56(F) motion, appellant was granted until October 19, 2002 to complete discovery. Appellant's response to the summary judgment was due same date, and the trial date was continued to October 26, 2003. A subsequent judgment entry filed August 20, 2002 continued the trial date to January 16, 2003.
 {¶ 26} On November 1, 2002, appellant filed a second Civ.R. 56(F) motion, claiming appellee's responses were inadequate. A hearing was held on November 12, 2002. By judgment entry filed November 21, 2002, the trial court denied the motion and granted appellee's motion for partial summary judgment.
 {¶ 27} At the time of the November 12, 2002 hearing, the time to respond to the summary judgment motion and the time for discovery had passed. The second Civ.R. 56(F) motion was filed after the deadlines set by the trial court.
 {¶ 28} Given this procedural history, we fail to find the trial court erred in denying the second Civ.R. 56(F) motion.
 {¶ 29} Assignments of Error I and II are denied.
 III {¶ 30} Appellant claims the trial court erred in granting partial summary judgment to appellee. We disagree.
 {¶ 31} As the docket indicates, appellant filed no response to appellee's motion for partial summary judgment on Counts II, V and VI. Loc.R. 4 of the Court of Common Pleas of Tuscarawas County states unless a party requests an oral hearing in the caption of the motion, an oral hearing will not be held. Under the same rule, a motion for summary judgment shall be set for the third Monday, or Tuesday, if Monday is a legal holiday, following the date of filing. Because the date for response was October 19, 2002, the non-oral hearing should have been held on November 4, 2002. Instead, the trial court held the hearing on the fourth Tuesday, November 12, 2002. We find all the requirements set forth in Civ.R. 56 and the local rules of the court were met. The trial court was free to decide the motion for summary judgment. No affirmative response was filed by appellant pursuant toDresher v. Burt (1996), 75 Ohio St.3d 280.
 {¶ 32} Upon review, we find the trial court did not err in granting appellee partial summary judgment.
 {¶ 33} Assignment of Error III is denied.
 IV {¶ 34} Appellant claims the trial court erred in denying his February 14, 2003 motion to reopen discovery and motion for reconsideration of prior orders. We disagree.
 {¶ 35} Appellant filed a motion to reopen discovery after the partial summary judgment dismissed Counts II, V and VI. We find this portion of the assignment to be moot given appellant's voluntary dismissal of his remaining claims.
 {¶ 36} Appellant's motion for reconsideration attempted to reargue facts which preexisted the trial court's November 21, 2002 ruling, and were known to appellant and argued to the trial court at the November 12, 2002 hearing. T. at 5, 11.
 {¶ 37} Assignment of Error IV is denied.
 V {¶ 38} Appellant claims the trial court erred in granting discovery sanctions against him. We disagree.
 {¶ 39} The decision to impose Civ.R. 37 sanctions for failure to provide discovery lies within the sound discretion of the trial court. Toney v. Berkemer (1983), 6 Ohio St.3d 455;Blakemore.
 {¶ 40} Appellant does not dispute the fact that he failed to respond to appellee's second set of discovery. January 13, 2003 T. at 9. In its motion to compel filed December 26, 2002, appellee claimed it "has not received any calculation of Plaintiff's alleged damages in this matter, nor any documentation to support Plaintiff's allegation that he suffered any damages, whatsoever." This was based upon appellant's failure to answer appellee's second set of interrogatories of October 7, 2002. Appellant argues the extension of the discovery deadline to October 19, 2002 was unilateral and applied only to him. We disagree. The extension was not unilateral, and it afforded appellee the right to request the discovery as it was based on the first set of discovery served on June 27, 2002.
 {¶ 41} The trial court held a hearing on appellee's motion to compel on January 13, 2003. By judgment entry filed January 30, 2003, the trial court granted the motion and ordered appellant to respond within seven days. Appellant was ordered to submit "any itemized list of monetary damages sought in the Complaint." Appellee was ordered to submit "a statement of attorney's fees/expenses relating to the prosecution" of the motion to compel.
 {¶ 42} Pursuant to Civ.R. 37(A)(4), once a motion to compel is granted, the trial court shall do the following:
 {¶ 43} "* * * after opportunity for hearing, require the party or deponent who opposed the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust."
 {¶ 44} Once the trial court granted the motion to compel, attorney fees naturally followed. Appellee submitted a statement of attorney fees/expenses on February 10, 2003. Appellant objected and requested a hearing. A hearing was held on February 24, 2003. During the hearing, appellant argued the issue of reasonable attorney fees/expenses was subject to cross-examination. February 24, 2003. T. at 16. Also, appellant again requested a reopening of discovery and argued against sanctions. At the conclusion of the hearing, appellant's trial counsel announced the decision to file a Civ.R. 41(A) dismissal of the remaining counts of the more definite statement.
 {¶ 45} A hearing on attorney fees/expenses was held on April 8, 2003. During this hearing, appellee presented the affidavit of Attorney John Reed regarding the reasonableness of the fees. April 8, 2003 T. at 25-26. Appellant argued the affidavit was hearsay, and the award of attorney fees as a sanction given the procedural history of the case should be zero. Id. at 27-28.
 {¶ 46} Appellant was given ample opportunity to challenge the amount of attorney fees/expenses and chose only to reargue the issue of discovery. The trial court had before it a statement on attorney fees and an affidavit of an expert, plus his own personal involvement in the case. Upon review, we find no abuse of discretion in finding fees were warranted and in the amount of the fees.
 {¶ 47} Assignment of Error V is denied.
 VI {¶ 48} Appellant claims the trial court erred in granting appellee's March 24, 2003 motion for default judgment on the counterclaim. We agree.
 {¶ 49} Appellee's motion for default on the counterclaim was predicated on Civ.R. 37(B)(2)(c) which states as follows:
 {¶ 50} "2) If any party or an officer, director, or managing agent of a party or a person designated under Rule 30(B)(5) or Rule 31(A) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule and Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
 {¶ 51} "c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."
 {¶ 52} We note the discovery order at issue was the trial court's January 30, 2003 order in response to appellee's December 26, 2002 motion to compel specific answers to interrogatories regarding appellant's damages. It had nothing to do with the counterclaim of amount due and owing on an account.
 {¶ 53} The trial court's January 30, 2003 order granting the motion to compel as cited supra merely ordered appellant to comply within seven days and submit an itemized list of monetary damages. The order did not set forth a warning that failure to comply will result in the dismissal of a claim separate and distinct from the discovery answers sought. Civ.R. 41(B) governs involuntary dismissals. Subsection (1) states, "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." (Emphasis added.)
 {¶ 54} Upon review, we find the trial court erred in awarding default judgment on the counterclaim as a discovery sanction that had no bearing on the amount claimed due in the counterclaim. The counterclaim survived appellant's voluntary dismissal and should proceed to a trial on the merits.
 {¶ 55} Assignment of Error VI is granted.
 VII {¶ 56} Appellant claims the trial court erred in awarding attorney fees for prosecution of the motion for default judgment. Consistent with our decision in Assignment of Error VI, this assignment is granted.
 {¶ 57} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed in part and reversed in part.
Wise and Edwards, JJ. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed in part, reversed in part and remanded to said court to reinstate the counterclaim and proceed accordingly. Costs to appellee.
[1] Mediation was held on July 24, 2002.