{¶ 34} Equity demands that I respectfully dissent. Summary judgment is not favored as it denies the nonmovant her day in court. As Judge Markus wrote in Whiteleather v. Yosowitz (1983), 10 Ohio App. 3d 272, "* * * resolution of a controversy by summary judgment is disfavored whenever there is a realistic possibility that genuine *Page 9 
issues of material fact will require jury consideration. Therefore, that discretion should be exercised liberally in favor of a nonmoving party who proposes any reasonable interval for the production of those materials." Id. at 276.
 {¶ 35} It is for this reason that we have a procedure within Civ.R. 56 for extensions of time to gather evidentiary quality material with which to oppose a motion for summary judgment.
 {¶ 36} The majority strictly interprets the "affidavit" requirement of Civ.R. 56(F), and while those who ignore the affidavit requirement do so at their peril, the civil rules are not to be read in a vacuum. Common law principles, as well as equitable principles, remain to assist the court in the application of the civil rules to a particular case.
 {¶ 37} One such decision interpreting Civ.R. 56(F) is the seminal case, Tucker v. Webb (1983), 4 Ohio St. 3d 121.[1]
 {¶ 38} In that case, the Supreme Court of Ohio found that Tucker was "allotted insufficient time to discover the essential facts surrounding the transactions that took place * * *." Id. at 122. Thus, the Court reversed the decision of the trial court stating, "[t]aking into account the ramifications of a summary disposition, we believe that the courts below should have been more cautious in determining whether any genuine issues of material fact existed * * *. One cannot weigh evidence most strongly in favor of one opposing a motion for summary judgment when there is a dearth of evidence available in the first place." Id. at 123. *Page 10 
 {¶ 39} When the pleadings filed by Ms. Shingara are reviewed serially it becomes apparent that her counsel's investigation as to the facts of the underlying loan transaction as well as to her medical condition was a work in progress, and it becomes evident that this defendant was not acting in a dilatory manner.
 {¶ 40} Ms. Shingara's answer, filed on October 5, 2006, denies the amount claimed due and owing because the checks made payable to creditors were never cashed and the cash remains in escrow. Next, the motion for summary judgment was filed on November 27, 2006. In her first motion for extension of time, which she filed on December 20, 2006, Ms. Shingara's counsel informs the court that Ms. Shingara has been diagnosed with Alzheimer's disease; that counsel is working to determine her present financial status; and that loan proceeds in the amount of approximately $58,000 were never disbursed to creditors, as evidenced by the settlement statement attached to the motion. By way of a pretrial statement filed on January 16, 2007, Ms. Shingara's counsel denies liability on the note and mortgage based on "incapacity to contract" and proposes a ninety day period of time in which to "exchange medical reports concerning her condition." Finally, on January 29, 2007, Ms. Shingara filed a second motion for extension of time to file her response to the motion for summary judgment in which she again asserts her denial of liability based on incapacity to contract and advises the court that she needs "additional time to obtain the evidence of her illness to properly present to this court." Obviously counsel was uncovering potential sources of evidence for her defense, but he needed more time to obtain that evidence in the form required to oppose a motion for summary judgment. Instead, on February 2, 2007, the motion for summary judgment was sustained. *Page 11 
 {¶ 41} When taken as a whole, these pleadings, signed by counsel pursuant to Civ.R. 11, may be viewed in the context of this case as the functional equivalent of a Civ.R. 56(F) affidavit. While it appears that there are no cases in Ohio directly on point, there are cases interpreting a similar federal civil rule, Fed. Civ.R. 56(f), which find that in certain instances summary judgment may be premature even when the opposing party fails to file a 56(f) affidavit in support.[2]
 {¶ 42} As the court in First Chicago held, "[t] he purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56(f) in good faith and to afford the trial court the showing necessary to assess the merits of a party's opposition." Id. at 1380. That court developed the equitable "functional equivalent" concept, which has been favorably viewed by commentators and other federal courts. See Harrods Ltd. v. Sixty Internet Domain Names (C.A.4, 2002), 302 F.3d 214.[3]
 {¶ 43} In light of the allegations of an Alzheimer's diagnosis and the question raised about the amount actually at issue, summary judgment was issued prematurely in this case.
 {¶ 44} Finally, I must respectfully disagree that Ms. Shingara's counsel "never properly put this issue [incompetency] before the trial court" inasmuch as he failed to file *Page 12 
a Civ.R. 25 suggestion of incompetency. The entire point of counsel's investigation and his two Civ.R. 56(F) motions was to secure more time to obtain the "actual knowledge of * * * incompetency * * *" which triggers Civ.R. 25. See Civ.R. 25(E). A diagnosis of Alzheimer's does not equate to incompetency per se. Obviously, the attorney cannot suggest incompetency on the record until he has received a medical opinion from her doctor detailing her mental status.
 {¶ 45} While the trial court has discretion in considering most motions for extension of time, when considering a motion for extension under Civ.R. 56(F), that discretion is constrained by a large body of case law supporting the proposition that reasonable extensions of time should be liberally granted so that cases may be decided upon their merits. Therefore, I would reverse and remand for the trial court to set a reasonable schedule for discovery and production of medical expert reports prior to a dispositive motion cut-off date.
[1] It is interesting to note that as in the instant case it appears that in Tucker there apparently was no affidavit filed in support of the Civ.R. 56(F) motion. The court cites to the allegations contained in Tucker's memorandum in opposition to Webb's motion for summary judgment, only in so far as that the motion was filed "* * * prior to the institution of any substantial discovery against it thus far which would determine certain issues present in the case surrounding the sale * * *."Tucker at 122.
[2] See, e.g., Hellstrom v. U.S. Dep't. of Veterans Affairs (C.A.2, 2000), 201 F.3d 94; Farmer v. Brennan (C.A.7, 1996), 81 F.3d 1444,1449-50; Dean v. Barber (C.A.11, 1992), 951 F.2d 210, 214, n. 3;First Chicago Int'l. v. United Exchange Co. (C.A.D.C.1988),836 F.2d 1375, 1380-81.
[3] The court in Herrods provides at fn. 18 an extensive list of scholarly work on this issue: "See, e.g., Edward Brunet, The Timing ofSummary Judgment, 198 F.R.D. 679, 689-95 (2001) (reviewing cases applying Rule 56(f) liberally and concluding that "these cases exhibit sound reasoning"); John F. Lapham, note, Summary Judgment Before theCompletion of Discovery: A Proposed Revision of Federal Rule of CivilProcedure 56(f), 24 U. Mich. J.L. Ref. 253, 269 (1990) ("Courts that allow some deviation from the strict letter of rule 56(f) have the stronger argument. The intent of the drafters to infuse the Federal Rules with a spirit of procedural liberality is evident throughout the rules themselves as well as the advisory committee's notes."); 10B Charles A. Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice Procedure § 2740, at 402-406 n. 14 (3d ed. 1998)." *Page 1