OPINION
Plaintiff-appellant, Alladean Hodges, appeals the Butler County Court of Common Pleas decision granting defendant-appellee, Meijer, Inc.'s, motion for summary judgment on her false imprisonment and defamation claims.
Appellant's deposition reveals that on May 20, 1996, appellant entered the Hamilton Meijer store. She intended to do some grocery shopping and hoped to replace two Hoover vacuum sweeper belts. She brought her used belts in an Elder-Beerman bag with her for this purpose. Appellant showed the belts to a Meijer employee in the vacuum cleaner department. He advised her that Meijer did not carry them and suggested another store. Appellant continued with her shopping; at the end of an aisle she decided to put the bag containing the belts into her purse as she was afraid she might lose them. At that moment, appellant did not see the employee she had spoken with earlier.
After purchasing her groceries, but before exiting the store, appellant was approached by two Meijer employees. One stood in front of her and one stood in back. They said, "We're going to take you back into the room." Appellant asked, "Why?" and they said, "Don't you know?" While walking to the office, appellant attempted to open her purse to produce her used belts. She was ordered not to take her hands off the cart.
In the office, appellant was permitted to show her belts and it was determined that they were not Meijer property. However, one of the belts was retained until the following week. Appellant was in the office for fifteen or twenty minutes. When she left, appellant was told not to return to Meijer. She was not touched by any Meijer employee. She did not see anyone she knew at the store and she testified that, to her knowledge, no Meijer employee had discussed the incident with anyone.
On September 18, 1996, appellant filed her complaint against Meijer, raising claims sounding in false imprisonment and defamation. Her husband, John Hodges, filed a claim for loss of consortium. Following discovery, Meijer filed a motion for summary judgment, asserting that appellant was detained only for such time as was necessary to determine if she had Meijer merchandise and that the detention was permitted under the shopkeeper's privilege as it was with probable cause. Meijer also asserted that there was no evidence that Meijer had engaged in the publication of defamatory statements about appellant. The trial court granted the motion, stating:
 Although this was an unfortunate and traumatic experience since Mrs. Hodges was in fact not guilty of shoplifting, the issue is not whether [she] actually stole from the store, but whether the security personnel had probable cause to suspect [her] of shoplifting. * * * [I]t is clear that security personnel had probable cause to suspect her of shoplifting and no reasonable jury could find otherwise.
The trial court also found that summary judgement for Meijer was appropriate on the defamation claim as there was no publication to third parties.
Appellant complains under a single assignment of error that the trial court improperly granted the motion for summary judgment. She specifically argues that she was falsely imprisoned in that her actions were not voluntary and that Meijer was not entitled to a privilege because the issue of probable cause was in dispute. Appellant also argues that customers in the checkout lanes were led to believe that she was a shoplifter, thus constituting publication of defamatory matter.
Under Civ.R. 56, summary judgment is proper when (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509.
It is well-settled that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330, 91 L.Ed.2d 265, 106 S.Ct. 2548. The Supreme Court of Ohio has stressed that trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party. Leibreich v. A. J. Refrigeration, Inc. (1993), 67 Ohio St.3d 266, 269. This court must independently review the record available to the trial court and review the lower court's granting of summary judgment without deference to the trial court's determination. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711.
Two requisites are essential to maintain a claim for false imprisonment: (1) the detention of the person; and (2) the unlawfulness of the detention. Mullins v. Rinks, Inc. (1971),27 Ohio App.2d 45. To establish a claim for false imprisonment, appellant must prove by a preponderance of the evidence that she was intentionally detained or confined without lawful privilege and against her consent.
Ohio's shopkeeper privilege, R.C. 2935.041, provides in pertinent part:
 (A) A merchant, or his employee or agent, who has probable cause to believe that items offered for sale by a mercantile establishment have been unlawfully taken by a person, may, for the purposes set forth in division (C) of this section, detain the person in a reasonable manner for a reasonable length of time within the mercantile establishment or its immediate vicinity.
* * *
 (C) [A] merchant or his employee or agent * * * may detain another person for any of the following purposes:
 (1) To recover the property that is the subject of the unlawful taking, criminal mischief, or theft: (2) To cause an arrest to be made by a peace officer; (3) To obtain a warrant of arrest.
 (D) [T]he merchant * * * shall not search the person, search or seize any property belonging to the person detained without the person's consent or use undue restraint upon the person detained. (Emphasis added.)
Thus, summary judgment on the false imprisonment claim is not appropriate unless reasonable minds would necessarily conclude from the evidentiary materials submitted that Meijer acted with probable cause to believe appellant had committed theft and, further, that the detention was conducted reasonably. The record evidence does not clearly detail what prompted the Meijer employees to initially stop appellant.[1] Appellant was apparently observed placing the Elder-Beerman bag containing the used belts in her purse. The record contains absolutely no evidence that any Meijer employee saw appellant place any Meijer property into that bag. Furthermore, although appellant acknowledges that she had left the employee she had spoken with, an inference could also be drawn that she had been observed earlier speaking with the employee. If so, a jury could find that detaining her without checking with the employee was unreasonable.[2] Finally, Meijer's refusal to allow appellant to explain the circumstances when she first attempted to demonstrate that the belts were hers could be found to be unreasonable.[3]
Although R.C. 2935.041 gives a merchant authority under certain circumstances to temporarily detain a suspected shoplifter,
 that authority does not preempt all later claims for false imprisonment where there is evidence of unreasonable or improper continuation of the detention. * * * [E]ven if the initial detention (stopping plaintiff for investigation) be reasonable, the continuation thereof by compelling her to go and remain in the office may not.
Gates v. Kroger (1991), Franklin App. No. 90AP-837, unreported. The question of what constitutes an unreasonable detention is one for the jury to determine under the facts and circumstances of each particular case. Garland v. Dustman (1969), 19 Ohio App.2d 292,299. The length of time involved here, fifteen to twenty minutes, was not per se unreasonable under all circumstances. However, a jury could find the detention unreasonable because the belts were not Meijer property and this information could have been immediately ascertained. A jury could also reasonably find that keeping one of the belts was unreasonable, especially because the statute prohibits such retention.
Thus, viewing all the facts and inferences in this case in a light most favorable to appellant, we find that questions of fact exist as to whether Meijer had probable cause to detain appellant and whether the ensuing detention was conducted reasonably. Accordingly, the trial court erred in granting summary judgment on this issue.
The trial court also granted summary judgment to Meijer on appellant's defamation claim. The elements of defamation are:
 (a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party;
 (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.
Akron-Canton Waste Oil v. Safety-Kleen Oil Services (1992),81 Ohio App.3d 591, 601.
Here, the trial court granted summary judgment because appellant had pointed to no evidence to establish the element of publication. Appellant's own deposition indicates no publication of defamatory matter. She admitted that nothing was said accusing her of theft; rather, she was told to accompany the store personnel to the office. Furthermore, even assuming that a statement was made, there was no evidence presented that such statement was heard by anyone nor that any other method of publication was employed. We find that the trial judge correctly granted summary judgment to Meijer on the defamation claim.
Therefore, the assignment of error is sustained as to the false imprisonment claim and overruled as to the defamation claim. The decision of the trial court is reversed in part and affirmed in part and remanded for further proceedings.
WALSH, J., concurs.
POWELL, J., dissents.
[1] Although appellant has cited to depositions of Meijer's employees in her brief, these depositions are not in the record and clearly were not considered by the trial court. It is well-established that "[a] reviewing court may not add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. Because these depositions were not before the trial court, this court sua sponte strikes from appellant's brief any reference to them.
[2] See Weissman v. K-mart Corp. (Fla.App. 1981), 396 So.2d 1164
(although statute did not explicitly require investigation, failure to verify information should have been taken into account in determining the existence of probable cause).
[3] See Derouen v. Miller (La.App. 1993), 614 So.2d 1304 (merchant who detained but failed to question or investigate liable for false imprisonment).