DECISION AND JUDGMENT ENTRY
{¶ 1} In this appeal from a judgment of the Toledo Municipal Court, we are asked to determine whether the trial court erred in granting summary judgment to appellee, Chanho (Chanug) Shin, dba New Star Beauty Salon ("Shin").
 {¶ 2} On April 6, 2004, appellant, Janet Ware, filed a common law false imprisonment action against appellee. In her complaint, appellant alleged that the clerk at Shin's salon detained her and that such detention "was unreasonably long and constituted false imprisonment." Appellant asserted that this detention caused her to "suffer pain and mental anguish," injured her "credit and reputation," and "prevented [her] from performing her necessary transactions and business."
 {¶ 3} On September 29, 2004, appellee filed a motion for summary judgment asserting that there is no genuine issue of material fact on the question of whether appellant was falsely imprisoned, that the false imprisonment claim fails, and that any detention was lawful under R.C. 2935.041. Appellant filed a memorandum in opposition to appellee's motion for summary judgment and appellee filed a memorandum in reply.
 {¶ 4} On January 14, 2005, an oral hearing was held on the motion for summary judgment. On March 22, 2005, the trial court granted summary judgment to appellee on the merits of appellant's false imprisonment claim. In particular, the lower court found that there was no genuine issue of material fact on the question of false imprisonment because "plaintiff has failed to offer any proof of confinement, without lawful privilege or against the plaintiff's consent."
 {¶ 5} Appellant filed a timely appeal from this judgment and maintains that the following error occurred in the trial court proceedings:
 {¶ 6} "The Lower Court erred in granting summary [judgment] in favor of Shin and against Janet."
 {¶ 7} The facts relevant to our disposition of this case are as follows.
 {¶ 8} On December 24, 2003, at approximately 10:30 a.m., appellant entered Shin's beauty salon to purchase a hair extension in preparation for an 11:00 a.m. appointment at another hair shop. Appellant paid for her purchase, but as she was exiting the store an alarm that is used to detect whether a patron is in possession of stolen merchandise, sounded. A store clerk stopped her and told appellant to come back into the store, which she did. He asked to check her purse, and appellant handed it to him. He took her purse and looked through it, finding nothing. The clerk returned appellant's purse and told her she could leave.
 {¶ 9} As appellant left a second time, the alarm sounded again. According to appellant, the clerk tried to "snatch" her purse but she told him: "You're not looking in my purse again. You looked in it once. * * * [Y]ou have a camera over on the wall, look at that and you can see I didn't steal anything." According to appellant, the clerk replied, "Well, I'll call the police." She said, "get to dialing" because "I don't steal." In her deposition, appellant explained that she felt detained because she knew that if she left the store, the clerk would have taken her motor vehicle's license plate number, and the police would have arrested her at her home.
 {¶ 10} Two police officers arrived at the salon approximately 30 minutes after the clerk made his call. The clerk told them that appellant had attempted to steal something from the salon. After obtaining appellant's consent, the officers searched her purse and found nothing. One of the police officers asked the clerk why he was detaining appellant, and the clerk shrugged his shoulders. The officer then waved appellant's purse over the store's alarm, and it sounded again. The officer informed the clerk that there was something wrong with his alarm because appellant had nothing. Appellant was then allowed to leave the store.
 {¶ 11} An appellate court's review of a grant or denial of a motion for summary judgment is de novo, that is, our review is made independently and without deference to the trial court's determination. Brewer v. Cleveland City Schs. Bd. of Educ.
(1997), 122 Ohio App.3d 378, 383; McKay v. Cutlip (1992),80 Ohio App.3d 487, 491. Thus, the standard applicable in our review of appellant's assignment of error is found in Civ.R. 56(C). Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Id. , Horton v. Hardwick Chem. Corp. (1995),73 Ohio St.3d 679, paragraph three of the syllabus.
 {¶ 12} In her sole assignment of error appellant asserts that there are questions of fact involving the elements of the tort of false imprisonment. She further argues that the trial court erred in failing to differentiate between the cases cited by appellee and the facts in the case at hand.
 {¶ 13} The common law tort of false imprisonment "occurs when a person confines another intentionally `without lawful privilege and against his consent within a limited area for any appreciable time, however short.'" Bennett v. Oh. Dept. of Rehabilitationand Correction (1991), 60 Ohio St.3d 107, 109, quotingFeliciano v. Kreiger (1977), 50 Ohio St.2d 69, 71. The scope of one such lawful privilege is defined in R.C. 2935.041(A):
 {¶ 14} "A merchant, or an employee or agent of a merchant, who has probable cause to believe that items offered for sale by a mercantile establishment have been unlawfully taken by a person, may, for the purposes set forth in division (C) of this section, detain the person in a reasonable manner for a reasonable length of time within the mercantile establishment or its immediate vicinity."
 {¶ 15} However, "[b]ecause of the continuing nature of the false imprisonment tort, it is clear that a person who intentionally confines another cannot escape liability by arguing that he or she was initially privileged to impose the confinement. Once the initial privilege expires, the justification for continued confinement expires and possible liability for false imprisonment begins." Bennett, at 109. Thus, even if the clerk's detention in the case before us was reasonable at the outset, the continuation thereof may not be. See Hodges v. Meijer, Inc. (1998), 129 Ohio App.3d 318, 323.
 {¶ 16} Here, on the issue of lawful privilege, appellant agrees that when the first alarm sounded, the clerk had probable cause to detain her in a reasonable manner for a reasonable length of time as allowed by R.C. 2935.041(A). However, once the clerk searched appellant's purse and found no store merchandise, the record shows no remaining probable cause to detain her even though the alarm sounded again. As in Bennett where a prisoner was held past his sentence, the original privilege to detain appellant expired when the clerk found nothing in appellant's purse, and the liability for false imprisonment began. Id. at 109. See, also, Hodges, at 323. As a result, reasonable minds could only conclude that appellee was without probable cause and therefore without lawful privilege under R.C. 2935.041(A) to detain appellant to search appellant's purse a second time.
 {¶ 17} On the issue of consent, appellee relies on appellant's words to the clerk to "get to dialing" when the clerk said he would call the police and the fact that appellant stayed to indicate her consent to her detention until the police came. Conversely, appellant avers that she felt detained by the clerk's actions and could not leave. Thus, we have the possibility of two conclusions, either that appellant consented, relying on appellee's evaluation of the facts, or that she did not consent, relying on appellant's statements made in her deposition. Therefore, whether or not appellant consented to a second detention is a material issue of fact for a jury to decide.
 {¶ 18} We now turn to the question of confinement. Here, appellant is required to offer proof that appellee intentionally confined her to establish a prima facie case of false imprisonment. Feliciano v. Kreiger (1977), 50 Ohio St.2d 69,71. Appellee focuses on the lack of forced detention, but confinement may be "imposed by force or threats." Ferraro v.Phar-Mor, Inc. (Apr. 7, 2000), 7th Dist. No. 98-CA-48. It is enough that there is an "implied or implicit threat." Kalbfellv. Glassman, Inc., 7th Dist. No. 02-CO-5, 2003-Ohio-3489, ¶ 21. This threat constitutes confinement if it is a threat to appellant's liberty and right to be free from unlawful restraint.Witcher, Admr. v. City of Fairlawn (1996), 113 Ohio App.3d 214,218. Therefore, the lack of evidence of physical force is not sufficient to disprove confinement.
 {¶ 19} In the case under consideration, the facts may be construed in such a manner that a finder of fact could believe that appellant was free to leave and there was no confinement, as appellee claims. It is also possible that the clerk's actions in attempting to snatch appellant's purse and call the police constituted a threat to her personal liberty and that she was, therefore, confined.
 {¶ 20} As appellant explained, she believed that if the clerk called the police and she left, he would send them after her with his claim that she had stolen something. While such an action by the clerk is not necessarily a threat of physical harm to appellant, it is a threat to her liberty.
 {¶ 21} We therefore conclude that a material question of fact exists on the issue of whether appellant could have reasonably believed that she was confined in appellee's salon. Branan v.Mac Tools, 10th Dist. No. 03-AP-1096, 2004-Ohio-5574, at ¶ 33. See, also, Kalbfell, at ¶ 22 ("[A] reasonable person could find that the time spent in the back office became a confinement when the security guard started accusing her of shoplifting and being banned from [a department store] and when he made a phone call which appeared to have been placed to the police.").
 {¶ 22} To recap, on the issues of confinement and of consent, we find that there is a genuine issue of material fact. We also find, on the evidence presented, that reasonable minds could only conclude that the clerk had no lawful privilege to detain appellant after he searched appellant's purse. Thus, appellant's sole assignment of error is found well-taken.[1]
 {¶ 23} On consideration whereof, this court finds substantial justice was not done the party complaining, and the judgment of the Toledo Municipal Court is reversed. This case is remanded to that court for further proceedings consistent with this judgment. Appellee is ordered to pay the costs of this appeal pursuant to App.R.24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Skow, J. Parish, J. concur.
[1] Due to our disposition of her first two issues raised by appellant, we need not address her third issue.